’ FAIR, J.,
for the Court;
¶ 1. Verenzo Green was convicted- of three counts of possession of a weapon by a convicted felon and one count of trafficking stolen firearms. .He was sentenced as a habitual, offender to ten years for each count of felon of possession of a firearm in the custody of the Mississippi Department of Corrections, to run consecutively; he also.-received a concurrent sentence of fifteen years for trafficking stolen firearms-. On the day of trial, Green filed a motion to suppress, arguing the police discovered the firearms through an illegal searph of his vehicle. The. trial court denied the motion. Green claims on appeal that (1) the trial court erred in denying his motion to suppress, and (2) his conviction for trafficking stolen firearms was not supported by sufficient evidence. Finding no error, we affirm.
FACTS
¶2. On February. 28, .2012, Agents George Pirkey and David Washington of the Adams County Sheriffs Department spotted Green outside of a grocery store. There was an outstanding warrant for Green’s arrest for a burglary committed a month:before. When the agents.first saw him,. Green and several other men were standing by a vehicle with its trunk open. As soon as Green noticed the agents, he closed the trunk and walked towards the entrance to the store. But instead of walking into the store, he threw a set of *80 car keys down and ran into some nearby woods. Agent Pirkey attempted to chase Green on foot, while Agent Washington took the police ear, but they were unable to catch him. The agents returned to the store a few minutes after the chase began and spoke with the store manager. After Agent Pirkey explained the situation to the manager, she requested that the car be towed. The police called a tow truck and ran the plate of the vehicle, which identified Green as the owner. Additionally, the police conducted an inventory search of the vehicle. During the inventory search, Agent Pirkey used the car keys left by Green to open the trunk of the vehicle. Agent Pirkey discovered three guns on top of two large speakers; the guns included a Colt .38 special revolver, a .22 caliber Rug-er revolver, and a .22 caliber Heritage Rough Rider. Green was indicted on three counts of possession of a weapon and one count of trafficking a firearm. He was found guilty at trial. Additional facts pertaining to the trial will be discussed below, as necessary.
DISCUSSION
1. Suppression of Evidence
¶ 8. The court denied Green’s motion to suppress introduction and testimony about the handguns found in the trunk, finding that (1) Green abandoned his vehicle on private property, and (2) the police were reasonable in conducting an inventory search before impounding the vehicle. “When reviewing a trial court’s ruling on a motion to suppress, we must assess whether substantial credible evidence supports the trial court’s finding considering the totality of the circumstances.” Shaw v. State, 938 So.2d 853, 859 (¶ 15) (Miss.Ct.App.2005) (citing Price v. State, 752 So.2d 1070, 1073 (¶ 9) (Miss.Ct.App.1999)). “The standard of review for the admission or suppression of evidence is abuse of discretion.” Hughes v. State, 90 So.3d 613, 631 (¶ 53) (Miss.2012).
¶ 4. The Fourth Amendment protects “the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.” U.S. Const, amend. IV. But a person has no standing to complain of a search or seizure of property that he has abandoned. United States v. Quiroz-Hernandez, 48 F.3d 858, 864 (5th Cir.1995) (citation omitted). The abandonment question is one of intent, primarily “whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.” United States v. Williams, 569 F.2d 823, 826 (5th Cir.1978) (citation omitted). Further, “intent may be inferred from words spoken, acts done, and other objective facts.... All relevant circumstances existing at the time of the alleged abandonment should be considered.” United States v. Colbert, 474 F.2d 174, 176 (5th Cir.1973) (en banc).
¶ 5. In United States v. Edwards 441 F.2d 749, 751 (5th Cir.1971), the Fifth Circuit held that a defendant abandoned his vehicle, and therefore had no Fourth Amendment protection in regard to the vehicle, when he left his keys in the ignition and fled on foot from the police. The defendant, Edwards, jumped out of his car during a high-speed chase. Id. at 750. The police chased Edwards but were unsuccessful in catching him. Id. After-wards, the police searched the trunk of his car and discovered untaxed whiskey. Id. The Fifth Circuit ruled Edwards’s actions constituted abandonment. Id.; cf. United States v. Smith, 648 F.3d 654, 659 (8th Cir.2011) (finding that the defendant abandoned the Cadillac in the Taco Bell drive- *81 through lane when he fled on foot from the police); State v. Branam, 334 Mont. 457, 463, 148 P.3d 635 (Mont.2006) (finding that the defendant’s fleeing from the police and leaving an Escalade and its contents on the street constituted abandonment sufficient to justify having the car towed for im-poundment).
¶ 6. Similarly, in United States v. Wolfe, No. 91-8603, 983 F.2d 232, 1993 WL 4521 (5th Cir.1993) (unpublished), the Fifth Circuit held the defendant abandoned his rental car. We acknowledge that Wolfe was not selected for publication; the court determined that the case had no prece-dential value. Id. at *4. But we will address the facts in Wolfe because they are synonymous with the facts in this case. In Wolfe, the officers saw five men gathered around an open trunk in a parking lot known for drug trafficking. Id. at *1. The police asked the men who owned the vehicle, to which the men replied they did not know. Id. After noticing a rental-car sticker on the car, one of the officers called the rental company and discovered the identity of the renters, who were two of the five men questioned by the police. Id. The police then searched the vehicle and recovered a .357 magnum pistol, which had been stolen in a burglary two weeks before. Id. Wolfe was later indicted and found guilty at trial. Id. at *2. On appeal, Wolfe challenged the police’s search of the rental car. Id. The court stated that “where a driver walks away from a rental car, disclaims any knowledge of it to the police, and leaves the keys on the dashboard with the windows rolled down, ... he has abandoned that car for Fourth Amendment purposes.” Id. at *4. The court found that Wolfe lacked standing because he abandoned the ear; the court further noted that when Wolfe abandoned the car, he abandoned the contents of the car as well. Id.
¶ 7. We find the facts of this case akin to the circumstances in Edwards and Wolfe. Here, the imperative issue is whether Green’s actions and the surrounding facts indicate that he abandoned the car. The police had a warrant for Green’s arrest for another crime. When Green saw the police officers, he eased away from the vehicle, threw the keys to the ground, and ran towards some nearby woods. Based on Green’s actions and the relevant circumstances, we agree with the trial judge’s determination that Green abandoned the vehicle. As a result, Green had no Fourth Amendment protection in regard to the vehicle.
¶ 8. Even if Green had not abandoned the car and thus had standing to challenge the search, the search was reasonable as an inventory search. We acknowledge that “[wjarrantless searches and seizures are ‘per se unreasonable unless they fall within a few narrowly defined exceptions.’” United States v. Kelly, 302 F.3d 291, 293 (5th Cir.2002). One such exception is when law enforcement performs an inventory search as part of a bona fide “routine administrative caretaking function.” United States v. Skillern, 947 F.2d 1268, 1275 (5th Cir.1991); see also South Dakota v. Opperman, 428 U.S. 364, 368, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
¶ 9. An inventory search must not be a “ruse for general rummaging” to find incriminating evidence. Florida v. Wells, 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); O’Connell v. State, 933 So.2d 306, 309 (¶ 9) (Miss.Ct.App.2005). “In order to prevent inventory searches from concealing such unguided rummaging, [the] Supreme Court has dictated that a single familiar standard is essential to guide police officers, who have only limited time and expertise to reflect on and balance the social and individual interests in *82 volved in the specific circumstances, they confront.” United States v. McKinnon, 681 F.3d 203, 209 (5th Cir.2012) (quotation omitted). “Thus, an inventory search of a seized vehicle is reasonable and not viola-tive of the Fourth Amendment if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle’s owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger.” United States v. Lage, 183 F.3d 374, 380 (5th Cir.1999) (citing United States v. Hope, 102 F.3d 114, 116 (5th Cir.1996)); see also Bolden v. State, 767. So.2d 315, 317 (¶ 9) (Miss.Ct.App.2000). And the specified standardized regulations and procedures must “sufficiently limit the discretion of law enforcement officers to prevent inventory searches from becoming evidentiary searches.” United States v. Andrews, 22 F.3d 1328, 1336 (5th Cir.1994) (citation omitted).
¶ 10. “There is no requirement that the prosecution submit evidence' of written procedures for inventory searches; testimony regarding reliance on standardized procedures' -is sufficient, as is an officer’s unrebutted testimony that he acted in accordance with standard inventory- procedures.” Lage, 183 F.3d at 380. The officers’ exercise of discretion does not violate the Fourth Amendment “so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.” Colorado v. Bertine, 479 U.S. 367, 375, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). “If there is no .showing of bad faith or for the sole purpose of investigation, evidence discovered during an inventory search is admissible.” United States v. Gallo, 927 F.2d 815, 819 (5th Cir.1991).
¶ 11. After careful review, we find that the inventory search of Green’s vehicle did not violate his Fourth Amendment rights. Agent Pirkey and Agent Washington performed the inventory search of Green’s vehicle while waiting for the tow truck to arrive. Agent Pirkey testified that, it is the Adams County Sheriffs Department’s standard procedure to inventory the contents of a vehicle that is about to be impounded; he further stated that this policy is used to record any damage to" the vehicle and release officers from any liability on subsequent claims of damage or theft. See Lattimore v. State, 37 So.3d 678, 684 (Miss.Ct.App.2010) (finding it permissible for officers to conduct an inventory search of a vehicle when the circumstances require it to be impounded). Further, the record lacks any evidence of bad faith on the part of the officers in conducting the search. Accordingly, this issue has no merit.
2. Sufficiency of Evidence
¶ 12. A challenge of sufficiency of the evidence can be raised in a motion for a directed verdict, made at the end of the prosecution’s case or at the close of all evidence, in a request for a peremptory instruction, or in a motion for a judgment notwithstanding the verdict. Higgins v. State, 725 So.2d 220, 224 (¶ 22) (Miss.1998). Here, Green made an unsuccessful motion for a directed verdict at the close of the prosecution’s case. And he failed to renew the motion at the conclusion of all the evidence. “If a defendant puts on evidence in his own defense after the denial of his motion for a directed verdict, he waives his challenge to the sufficiency of the State’s evidence up to that point.” Robinson v. State, 749 So.2d 1054, 1058-59 (¶ 13) (Miss.1999). Further, Green’s post-trial motion did not challenge the sufficiency of the evidence. “It is well established that ‘questions will not be decided upon appeal which were not present *83 ed to the trial court and that court given an opportunity to rule, on them.’ ” Neese v. State, 993 So.2d 837, 843 (¶ 12) (Miss.Ct.App.2008) (citations omitted). Green concedes that this issue is procedurally barred from our consideration. Procedural bar notwithstanding, we find that this issue lacks merit.
¶ 13. The dissent employs Green’s insufficiency-of-the-evidence argument to find that “simultaneous'possession of three weapons in this instance is insufficient to convict Green on all three counts.” However, Green has never made that argument; he only argues that the evidence was insufficient for Count IV — trafficking of stolen firearms. At no point on appeal did Green or the State raise the issue of whether Mississippi Code Annotated section 97-37-5(1) allows for multiple convictions when weapons are possessed simultaneously by the defendant. In all the cases cited by the dissent, the issue of statutory interpretation in relation to double jeopardy had been presented squarely and fully briefed.
1114. As the dissent correctly notes, the interpretation of this section and its constitutional implications is an issue of first impression in Mississippi. Other states have differing interpretations of similar statutes. Also, the word “any” appears in other Mississippi crifninal statutes, including, for instance, statutes dealing with offenses , relating to child pornography. While we agree with the dissent that certain instances permit our Court to address the issue of double jeopardy as plain érror, to do so using plain error in. this specific instance would be inappropriate. We therefore decline to address the issue suggested by the dissent.
¶ 15. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS I, II, AND III, POSSESSION OF A WEAPON BY A CONVICTED FELON, AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS FOR. EACH COUNT, TO RUN CONSECUTIVELY; AND COUNT IV, TRAFFICKING STOLEN FIREARMS, AND SENTENCE OF FIFTEEN YEARS TO RUN CONCURRENTLY TO THE SENTENCES IN COUNTS I, II, AND III, ALL IN THE CUSTODY OF THE MISSISSIPPI DE-PARTMEÑT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY. .
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. BARNES, J., DISSENTS WITH SEPARATE OPINION, JOINED BY ISHEE, J.