# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-01228-SCT

*VERENZO CARTRELL GREEN a/k/a VERENZO*
*GREEN*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:             03/07/2013
TRIAL JUDGE:                  HON. FORREST A. JOHNSON, JR.
COURT FROM WHICH APPEALED:    ADAMS COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      OFFICE OF THE STATE PUBLIC
                              DEFENDER
                              BY: ERIN ELIZABETH PRIDGEN
                                  GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: BARBARA WAKELAND BYRD
DISTRICT ATTORNEY:            RONNIE LEE HARPER
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 01/28/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     In February 2012, the Adams County Sheriff's Department recovered three firearms

from the trunk of Verenzo Green's vehicle during an inventory search of the vehicle.  A

grand jury indicted Green and, following a trial in the Adams County Circuit Court, a jury

convicted Green of three counts of being a felon in possession of a firearm and one count of

trafficking a firearm. The Court of Appeals affirmed Green's convictions and sentences, and the case is now before the Court on Green's petition for writ of certiorari on the basis of an alleged double jeopardy violation first raised *sua sponte* in a dissent by the Court of Appeals using the plain error doctrine. For the reasons given below, the principle of law argued by Green, which he adopted from the Court of Appeals dissent, is not appropriate for plain error review. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. While on patrol on February 28, 2012, Lieutenant George Pirkey and Agent David Washington, both with the Adams County Sheriff's Department, saw Green standing by a open-trunked vehicle in a convenience store parking lot. Lieutenant Pirkey testified that he knew, and confirmed with dispatch, that Green had an outstanding warrant. Also according to Lieutenant Pirkey, when Green saw them pull in the parking lot, he closed the trunk and began to walk toward the convenience store; however, he did not enter the store. Instead, he turned and looked toward Lieutenant Pirkey and Agent Washington and then threw a set of keys to the ground and took off running around the side of the convenience store. Lieutenant Pirkey chased Green, but Green evaded him. Agent Washington remained in the vehicle and attempted to pursue Green in the car. Both Lieutenant Pirkey and Agent Washington lost sight of Green, so they reconvened in the convenience store parking lot. Lieutenant Pirkey approached the convenience store manager about Green's vehicle, which was still parked unattended in the parking lot. The convenience store manager asked that the vehicle be towed, so Lieutenant Pirkey and Agent Washington conducted an inventory search of the

2

vehicle using the keys that Green had thrown on the ground. They discovered three firearms in the vehicle's trunk, and a search for the recovered firearms using the National Crime Information Center database indicated that the firearms were stolen.

¶3.    Authorities later arrested Green, and a grand jury indicted him on three counts of being a felon in possession of a firearm in violation of Mississippi Code Section 97-37-5(1) and one count of trafficking stolen firearms in violation of Mississippi Code Section 97-37-35. The jury convicted Green on all four counts, and the circuit court sentenced Green, as a habitual offender, to ten years for each count of being a felon in possession of a firearm, to run consecutively, and fifteen years for trafficking a stolen firearm, to run concurrently with his other sentences. Green filed a motion for a new trial, which the circuit court denied.

¶4.    Green appealed, and the Court of Appeals issued an opinion affirming Green's convictions and sentences. *Green v. State*, 2013 KA 01228 COA, 2015 WL 233614, *1 (¶1) (Miss. Ct. App. Jan. 20, 2015), *reh'g denied* (May 19, 2015). However, one member of the Court of Appeals authored a dissent raising, *sua sponte*, an alleged double jeopardy violation that could be addressed only through the application of the plain error doctrine because Green never had raised any concerns of double jeopardy at trial or in his appeal. *Id.* at *6 (¶22). The position of the dissent, which Green adopted in his petition for writ of certiorari, stated that Green's right to be free from double jeopardy had been violated because he could not be convicted and sentenced for the three counts of felon in possession of firearm for the simultaneous possession of the three firearms. *Id.* at **6-7 (¶22-23). We granted Green's petition for writ of certiorari, and we now affirm the Court of Appeals decision affirming

Green's convictions and sentence as well as the judgment of the Adams County Circuit Court.

## ANALYSIS

¶5.    The Court of Appeals' dissenting opinion would have reversed and remanded the case to the circuit court with instructions to vacate two of Green's three convictions of being a felon in possession of a firearm and the corresponding sentences. ***Green v. State***, 2015 WL 233614, *7 (¶24).  According to the dissenting opinion, "[t]he issue of whether this statute [(Section 97-37-5(1))], which prohibits a convicted felon from possessing 'any firearm,' allows for multiple convictions when several weapons are possessed simultaneously is one of first impression for Mississippi." ***Id.***  The instant case, in which the issue is indeed one of first impression and the correct result unsettled and unclear, does not justify the application of the plain error doctrine.

¶6.    Green never raised any objection on the basis of double jeopardy at trial, nor did he raise the issue on appeal; therefore, the *only* avenue available for review was through the application of the plain error doctrine.[1]  The plain error doctrine is employed only in situations when "a defendant's substantive or fundamental rights are affected." ***Flora v. State***, 925 So. 2d 797, 811 (¶42) (Miss. 2006) (citing ***Grubb v. State***, 584 So. 2d 786, 789

---

[1] "A trial judge cannot be put in error on a matter which was not presented to him for decision." ***Holmes v. State***, 798 So. 2d 533, 534 (¶16) (Miss. 2001) (citing ***Ponder v. State***, 335 So. 2d 885, 886 (Miss. 1976)).   However, Mississippi Rule of Evidence 103(d) provides: "Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court."  Mississippi Rule of Appellate Procedure 28(a)(3) provides: "No issue not distinctly identified shall be argued by counsel, except upon request of the Court but the Court may, at its option, notice a plain error not identified or distinctly specified."

(Miss. 1989)). "Plain-error review is properly utilized for 'correcting *obvious* instances of injustice or misapplied law.'" *Smith v. State*, 986 So. 2d 290, 294 (¶10) (Miss. 2008) (citation omitted) (emphasis added). In *Neal v. State*, 15 So. 3d 388, 403 (¶32) (Miss. 2009) (quoting *McGee v. State*, 953 So. 2d 211, 215 (¶8) (Miss. 2007)), the Court explained that, in order to "determine if plain error has occurred, we must determine if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether the error has prejudiced the outcome of the trial."

¶7.    We never have held that treating each possession of firearm as a separate crime under Section 97-37-5(1) violates the constitutional protection against double jeopardy. Moreover, the Mississippi Supreme Court's and Court of Appeals' cases involving defendants charged with more than one count of being a felon in possession of a firearm contradict such a rule, in that, on multiple occasions both courts have considered cases involving convictions on multiple counts without ever before finding or considering error – plain or otherwise. *See Conners v. State*, 92 So. 3d 676, 682 (¶12) (Miss. 2012) ("The jury found Conners guilty of two counts of felon-in-possession-of-a-firearm, based on his possession of the shotgun and the 9–mm handgun."); *Hawthorne v. State*, 174 So. 3d 306, 307-308 (¶2) (Miss. Ct. App. 2015) ("In April 2011, a Harrison County Circuit Court issued a four-count indictment against Hawthorne for possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and two counts of a felon in possession of a firearm[.]"); *Gunn v. State*, 174 So. 3d 848, 856 (¶16) (Miss. Ct. App. 2014) ("He was tried jointly, with no objection, for capital murder, two counts of felon in possession of a firearm, two counts

5

of armed robbery, and two counts of aggravated assault. He was found guilty of all counts.");

*Massey v. State*, 144 So. 3d 204 (Miss. Ct. App. 2014) ("On December 6, 2010, he pled guilty to three offenses—two counts of possession of a weapon by a convicted felon and one count of aggravated assault."); *Knight v. State*, 983 So. 2d 348, 352 (¶15) (Miss. Ct. App. 2008) ("Knight was also charged with two counts of felon in possession of a firearm in violation of Mississippi Code Annotated section 97–37–5(1)."); and *Gavin v. State*, 785 So. 2d 1088, 1090 (¶1) (Miss. Ct. App. 2001) ("Charlie Gavin was convicted after a jury trial on three counts of being a felon in possession of firearms and a fourth of possessing a dangerous weapon.").

¶8.     In the above-cited cases, all of the defendants were charged with more than one count of being a felon in possession of a firearm, yet neither the defendants nor the appellate courts ever raised or discussed a double jeopardy question.  Therefore, in the case *sub judice*, the trial court did not deviate from or misapply a legal rule in a "plain, clear[,] or obvious" way. In *Conner v. State*, 138 So. 3d 143 (Miss. 2014), Daryl Conner stood convicted of burglary and felony fleeing a police officer; the trial court sentenced him as a habitual offender.  *Id.* at 146 (¶1).  A dissenting opinion raised the issue, not raised by Conner, of whether Conner's Confrontation Clause rights were violated because, during sentencing, Conner did not have the opportunity to confront a witness who had submitted an affidavit detailing his criminal history.  *Id.* at 157 (¶46) (Kitchens, J., dissenting).  The *Conner* majority responded to the dissent, first, by noting that Conner had not raised the issue on appeal, and, second, that the Court never had determined that the Confrontation Clause applies to sentencing.  *Id.* at 152

6

(¶26). Because the issue had not been determined and no guiding principle existed, the *Conner* Court declined to consider whether plain error had occurred. ***Id.***

¶9. We have not held that convictions for multiple counts of being a felon in possession of firearms in the manner of today's case violate constitutional protections against double jeopardy, and indeed, our cases and those from the Court of Appeals appear to belie such a holding. We cannot find, and Green has not identified, any other binding authority settling the issue. The cases cited in the Court of Appeals dissent, *e.g.*, ***State v. Garris***, 663 S.E.2d 340 (N.C. Ct. App. 2008), held that a double jeopardy violation existed only after analyzing the legislative intent behind the use of the word "any" in their subject jurisdictions. There exists no standing authority or clear legal rule interpreting the intent of the Mississippi Legislature when it enacted Section 07-37-5(1).

¶10. For the foregoing reasons, we agree with the Court of Appeals' majority opinion that while "certain instances permit our [appellate c]ourt[s] to address the issue of double jeopardy as plain error, to do so using plain error in this specific instance would be inappropriate." ***Green v. State***, 2015 WL 233614, \*4 (¶14). Therefore, we affirm both the judgment of the Adams County Circuit Court and the Court of Appeals judgment affirming it.

¶11. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. COUNT I: CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE OF TEN (10) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE OF TEN (10) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT III: CONVICTION OF POSSESSION OF A**

**WEAPON BY A CONVICTED FELON AND SENTENCE OF TEN (10) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT IV: CONVICTION OF TRAFFICKING IN STOLEN FIREARMS AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES IN COUNTS I-III SHALL RUN CONSECUTIVELY. SENTENCE IN COUNT IV SHALL RUN CONCURRENTLY WITH SENTENCES IN COUNTS I-III. SAID SENTENCES SHALL NOT BE REDUCED OR SUSPENDED; NOR SHALL THE APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION. APPELLANT SHALL PAY ALL COURT COSTS AND FEES.**

**RANDOLPH, P.J., LAMAR AND PIERCE, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KITCHENS, J. WALLER, C.J., AND MAXWELL, J., NOT PARTICIPATING.**

**KING, JUSTICE, DISSENTING:**

¶12.    Because I believe that Green's multiple convictions and sentences for a single offense are unconstitutional and amount to plain error, I respectfully dissent. This Court has "the option of recognizing plain error even when it is not brought to the attention of the trial court or this Court. . . ." ***Fuselier v. State***, 654 So. 2d 519, 522 (Miss. 1995). The doctrine of plain error applies when the error results in a "manifest miscarriage of justice or seriously affects the fairness, integrity or public reputation of judicial proceedings." ***Johnson v. State***, 155 So. 3d 733, 738 (Miss. 2014) (citations omitted).

¶13.    Whether a convicted felon may be punished separately for possessing each individual firearm under Section 97-37-5 is a question of first impression in Mississippi. The issue of whether a double jeopardy violation exists if a defendant is charged with multiple counts of being a felon in possession of a firearm was placed squarely in front of the Court of Appeals through Judge Barnes's dissent. The Court of Appeals declined to address this issue of first

8

impression and, through writ of certiorari, the issue was brought before this Court. The majority states that the plain error doctrine is inappropriate when the issue is "one of first impression, and the correct result unsettled and unclear." However, "some issues are of such importance and of first impression that in spite of a statutory bar, this Court should proceed and address that particular issue." *Foster v. State*, 639 So. 2d 1263, 1295 (Miss. 1994).

¶14.    Under the Fifth Amendment, "no person shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see* Miss. Const. art. 3, § 22. This Court has held clearly that the right to be free from double jeopardy is a fundamental right, and procedural bars do not apply. *Rowland v. State*, 42 So. 3d 503, 508 (Miss. 2010). Green was convicted of three counts of being a felon in possession of a firearm and was sentenced to ten years in prison for each count, to run consecutively. Twenty years in prison for two wrongful convictions clearly is an issue of great importance and is a manifest miscarriage of justice.

¶15.    Green contends that Mississippi Code Section 97-37-5(1) is ambiguous, and that the statute can be interpreted to punish a convicted felon for possessing each separate firearm or for possessing firearms as a whole. Section 97-37-5(1) states:

> It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm unless such person has received a pardon for such felony . . . .

Miss. Code Ann. § 97-37-5(1) (Rev. 2014). This Court "will not engage in statutory interpretation if a statute is plain and unambiguous." *Lewis v. Hinds Cty. Circuit Court*, 158

So. 3d 1117, 1120 (Miss. 2015). When a statute is ambiguous, the ultimate goal in interpreting the statute is to discern the legislative intent. **Id.**

¶16.    The statute criminalizes the possession of *any* firearm by a convicted felon. I find merit in Judge Barnes's dissent and in the determination that "any firearm" may be interpreted to mean either the singular or the plural. The United States Supreme Court has found a similarly worded statute using the word "any" to be ambiguous. In interpreting the Mann Act, the Supreme Court found that the language "[w]hoever knowingly transports in interstate or foreign commerce . . . *any* woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose . . ." was ambiguous and that it did not clearly express the will of Congress. **Bell v. United States**, 349 U.S. 81, 82-83, 75 S. Ct. 620, 621-22, 99 L. Ed. 905 (1955) (emphasis added).  *See also* **State of North Carolina v. Garris**, 663 S. E. 2d 340, 344 (N.C. Ct. App. 2008); **People v. Carter**, 821 N. E. 2d 233, 237 (Ill. 2004); **Hill v. State of Florida**, 711 So. 2d 1221, 1222 (Fla. Dist. Ct. App. 1998). I believe that Section 97-37-5 also is ambiguous and, in interpreting this statutory section, that the legislative intent must be determined.

¶17.    Because this is an issue of first impression in Mississippi, this Court may look to interpretation of the federal firearms statute for guidance. The Fifth Circuit  interpreted United States Code Section 922(g)(1) to permit only one conviction for a simultaneous possession of multiple weapons.[2] The court found that "[t]he evil Congress sought to

---

[2]"It shall be unlawful for any person – who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possess any firearm or ammunition." 18 U.S.C.A. § 922(g)(1) (2012).

suppress by section 922 was the arming of felons; the section is based on the status of the offender and not the number of guns possessed." *United States v. Berry*, 977 F. 2d 915, 920 (5th Cir. 1992). *See also* *United States v. Hutching*, 75 F. 3d 1453, 1460 (10th Cir. 1996) ("The 'simultaneous possession' of multiple firearms generally 'constitutes only . . . one offense' unless there is evidence that the weapons were stored in different places or acquired at different times."); *United States v. Dunford*, 148 F. 3d 385, 390 (4th Cir. 1998) ("While the prohibited conduct is the possessing of any firearm or ammunition, the statute applies only to members of [the class] specified in the statute. . . . We join the majority of circuits which have reached a similar conclusion."). The Fifth Circuit's logic is sound. Mirroring congressional intent, in enacting Section 97-37-5, I believe the Mississippi Legislature likely intended to prevent the class of convicted felons from being armed. Therefore, the statute is based on the status of the offender, not the number of weapons that the offender possessed.

¶18.    Because the statute is ambiguous and is based on the status of the offender, the statute must be construed in favor of Green. It is "bedrock law in Mississippi that criminal statutes are to be strictly construed against the State and liberally in favor of the accused." *Coleman v. State*, 947 So. 2d 878, 881 (Miss. 2006) (citing *McLamb v. State*, 456 So. 2d 743, 745 (Miss. 1984)). As the Supreme Court stated in *Bell*:

> When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of

11

a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses . . . .

*Bell*, 349 U.S. at 83-84, 75 S. Ct. at 622.

¶19.   If the State had evidence that Green obtained the guns at different times or stored them in separate places, then the State had the opportunity to prove those points. However, it is undisputed in this case that the State recovered the firearms from the same location: the trunk of Green's car. Because Green possessed the three firearms simultaneously, with no evidence introduced otherwise, he could be convicted only once of possession of a weapon. Therefore, I believe that two of Green's convictions were plain error and violated his right to be protected against double jeopardy.

¶20.   The State argues that this Court, in *Watkins v. State*, 101 So. 3d 628 (Miss. 2012), rejected a similar argument in relation to possession of controlled substances, and courts in Mississippi consistently have held that possession of more than one controlled substance warrants multiple violations of Section 41-29-139.[3] This code section clearly was enacted to

---

[3]Mississippi Code Section 41-29-139 reads:

(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance . . . .

Miss. Code Ann. § 41-29-139(a)(1) (Rev. 2013).

criminalize the possession of controlled substances, and it is not based on the status of the possessor. Moreover, the same reasoning applies even more so to the child pornography statute, Section 97-5-33.[4] The public policy behind the child pornography statute is to convict offenders for the possession of the images, no matter the offender's status. Because Section 97-37-5(1) is based on the status of the offender and because the statute must be interpreted in favor of the accused, multiple convictions for the simultaneous possession of firearms cannot stand and are in violation of the double jeopardy clause.

¶21. I believe that Green's fundamental right to protection from double jeopardy was violated and that, as a result, plain error occurred. Therefore, I dissent and would affirm only one conviction and sentence for being a felon in possession of a firearm under Section 97-37-5.

**DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.**

---

[4]Mississippi Code Section 97-5-33(5) states:

No person shall, by any means including computer, knowingly possess or knowingly access with intent to view any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct.

Miss. Code Ann. § 97-5-33(5) (Rev. 2014).