ON WRIT OF CERTIORARI

COLEMAN, Justice,
for the Court:
¶ 1. In February 2012, the Adams County Sheriffs Department recovered three firearms from the trunk of Verenzo Green’s vehicle during an inventory search of the vehicle. A grand jury indicted Green and, following a trial in the Adams County Circuit Court, a jury convicted Green of three counts of being a felon in possession of a firearm and one count of trafficking a firearm. The Court of Appeals affirmed Green’s convictions and sentences, and the case is now before the Court on Green’s petition for writ of cer-tiorari on the basis of an alleged double jeopardy violation first raised sua sponte in a dissent by the Court of Appeals using the plain error doctrine. For the reasons given below, the principle of law argued by Green, which he adopted from the Court of Appeals dissent, is not appropriate for plain error review. Accordingly, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. While on patrol on February 28, 2012, Lieutenant George Pirkey and Agent David Washington, both with the Adams County Sheriffs Department, saw Green standing by a open-trunked vehicle in a convenience store parking lot. Lieutenant Pirkey testified that he knew, and confirmed with dispatch, that Green had an outstanding warrant. Also according'to Lieutenant Pirkey, when Green saw them pull in the parking lot, he closed the trunk and began to walk toward the convenience store; however, he did not enter the store. Instead, he turned and looked toward Lieutenant Pirkey and Agent Washington and then threw a set of keys to the ground and took off running around the side of the convenience store. Lieutenant Pirkey *30 chased Green, but Green evaded him. Agent Washington remained in the vehicle and attempted to pursue Green in the car. Both Lieutenant Pirkey and Agent Washington lost sight of Green, so they reconvened in the convenience store parking lot. Lieutenant Pirkey approached the convenience store manager about Green’s vehicle, which was still parked unattended in the parking lot. The convenience store manager asked that the vehicle be towed, so Lieutenant Pirkey and Agent Washington conducted an inventory search of the vehicle using the keys that Green had thrown on the ground. They discovered three firearms in the vehicle’s trunk, and a search for the recovered firearms using the National Crime Information Center database indicated that the firearms were stolen.
¶3. Authorities later arrested Green, and a grand jury indicted him on three counts of being a felon in possession of a firearm in violation of Mississippi Code Section 97-37-5(1) and one count of trafficking stolen firearms in violation of Mississippi Code Section 97-37-35. The jury convicted Green on all four counts, and the circuit court sentenced Green, as a habitual offender, to ten years for each count of being a felon in possession of a firearm, to run consecutively, and fifteen years for trafficking a stolen firearm, to run concurrently with his other sentences. Green filed a motion for a new trial, which the circuit court denied.
¶4. Green appealed, and the Court of Appeals issued an opinion affirming Green’s convictions and sentences. Green v. State, 183 So.3d 78, 79, 2015 WL 233614, *1 (¶ 1) (Miss.Ct.App.2015), reh’g denied (May 19, 2015). However, one member of the Court of Appeals authored a dissent raising, sua sponte, an alleged double jeopardy, violation that could be addressed only through the application of -the plain error doctrine because Green never had raised any concerns of double jeopardy at trial or in his appeal. Id. at 85-86, *6 (¶ 22). The position of the dissent, which Green adopted in his petition for writ of certiora-ri, stated that Green’s right to be free from double jeopardy had been violated because he could not be convicted and sentenced for the three counts of felon in possession of firearm for the simultaneous possession of the three firearms. Id. at 85-86, **6-7 (¶ 22-23). We granted Green’s petition for writ of certiorari, and we now affirm the Court of Appeals decision affirming Green’s convictions and sentence as well as the judgment of the Adams County Circuit Court.
ANALYSIS
¶ 5. The Court of Appeals’ dissenting opinion would have reversed and remanded the case to the circuit court with instructions to vacate two of Green’s three convictions of being a felon in possession of a firearm and the corresponding sentences. Green v. State, 183 So.3d at 86, 2015 WL 233614, *7 (¶ 24). According to the dissenting opinion, “[t]he issue of whether this statute [ (Section 97-37-5(1))], which prohibits a convicted felon from possessing ‘any firearm,’ allows for multiple convictions when several weapons are possessed simultaneously is one of first impression for Mississippi.” Id. The instant case, in which the issue is indeed one of first impression and the correct result unsettled and unclear, does not justify the application of the plain error doctrine.
¶6. Green never raised any objection on the basis of double jeopardy at trial, nor did he raise the issue on appeal; therefore, the only avenue available for review was through the application of the *31 plain error doctrine.[1] The plain error doctrine is employed only in situations when “a defendant’s substantive or fundamental rights are affected.” Flora v. State, 925 So.2d 797, 811 (¶ 42) (Miss.2006) (citing Grubb v. State, 584 So.2d 786, 789 (Miss.1991)). “Plain-error review is properly utilized for ‘correcting obvious instances of injustice or misapplied law.’ ” Smith v. State, 986 So.2d 290, 294 (¶ 10) (Miss.2008) (citation omitted) (emphasis added). In Neal v. State, 15 So.3d 388, 403 (¶ 32) (Miss.2009) (quoting McGee v. State, 953 So.2d 211, 215 (¶ 8) (Miss.2007)), the Court explained that, in order to “determine if plain error has occurred, we must determine if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether the error has prejudiced the outcome of the trial.”
¶ 7. We never have held that treating each possession of firearm as a separate crime under Section 97-37-5(1) violates the constitutional protection against double jeopardy. Moreover, the Mississippi Supreme Court’s and Court of Appeals’ cases. involving defendants charged with more than one count of being a felon in possession of a firearm contradict such a rule, in that, on multiple occasions both courts have considered cases involving convictions on multiple counts without ever before finding or considering error — plain or otherwise. See Conners v. State, 92 So.3d 676, 682 (it 12) (Miss.2012) (“The jury found Conners guilty of two counts of felon-in-possession-of-a-firearm, based on his possession of the shotgun and the 9-mm handgun.”); Hawthorne v. State, 174 So.3d 306, 307-308 (¶ 2) (Miss.Ct.App.2015) (“In. April 2011, ;a Harrison County Circuit Court issued -a four-count indictment against Hawthorne for possession .of cocaine with intent to distribute, possession of marijuana with intent to distribute, and two counts of a-felon in possession of a firearm[.]”); Gunn v. State, 174 So.3d 848, 856 (¶ 16) (Miss.Ct.App.2014) (“He was tried jointly, with no objection, for capital murder, two counts of felon in possession of a firearm-, twq.counts of armed robbery, and two counts of aggravated assault. He was found guilty of all counts.”); Massey v. State, 144 So.3d 204 (Miss.Ct.App.2014) (“On December 6, 2010, he pled guilty to three offenses-two counts of possession of a weapon by a convicted felon and one count of aggravated assault.”); Knight v. State, 983. So.2d 348, 352 (¶ 15) (Miss.Ct.App.2008) (“Knight was also charged with two counts of felon in possession of a firearm in -violation of Mississippi Code Annotated section 97-37-5(1).”); and Gavin v. State, 785 So.2d 1088, 1090 (¶ 1) (Miss.Ct.App.2001) (“Charlie Gavin was convicted after a jury trial on three counts of being a felon in possession of firearms and a fourth of possessing a dangerous weapon.”).
¶ 8. In the above-cited cases, all of the defendants were charged with more than one count of being a felon in possession of a firearm, yet neither the defendants nor the appellate courts ever raised or discussed a double jeopardy question. Therefore, in the case sub judice, the trial court did not deviate from or misapply a legal rule in a “plain, clear[,] or obvious” way. In Conner v. State, 138 So.3d 143 *32 (Miss.2014), Daryl Conner stood convicted of burglary and felony fleeing a police officer; the trial court sentenced him as a habitual offender. Id. at 146 (¶ 1). A dissenting opinion raised the issue, not raised by Conner, of whether Conner’s Confrontation Clause rights were violated because, during sentencing, Conner did not have the opportunity to confront a witness who had submitted an affidavit detailing his criminal history. Id. at 157 (¶ 46) (Kitchens, J., dissenting). The Conner majority responded to the dissent, first, by noting that Conner had not raised the issue on appeal, and, second, that the Court never had determined that the Confrontation Clause applies to sentencing. Id. at 152 (¶26). Because the issue had not been determined and no guiding principle existed, the Conner Court declined to consider whether plain error had occurred. Id.
¶9. We have not held that convictions for multiple counts of being a felon in possession of firearms in the manner of today’s case violate constitutional protections against double jeopardy, and indeed, our cases and those from the Court of Appeals appear to belie such a holding. We cannot find, and Green has not identified, any other binding authority settling the issue. The cases cited in the Court of Appeals dissent, e.g., State v. Garris, 191 N.C.App. 276, 663 S.E.2d 340 (2008), held that a double jeopardy violation existed only after analyzing the legislative intent behind the use of the word “any” in their subject jurisdictions. ' There exists no standing authority or clear legal rule interpreting the intent of the Mississippi Legislature when it enacted Section 07-37-5(1).
¶ 10. For the foregoing reasons, we agree with the Court of Appeals’ majority opinion that while “certain instances permit our [appellate c]ourt[s] to address the issue of double jeopardy as plain error, to do so using plain error in this specific instance would be inappropriate.” Green v. State, 183 So.3d at 83, 2015 WL 233614, *4 (¶ 14). Therefore, we affirm both the judgment of the Adams County Circuit Court and the Court of Appeals judgment affirming it.
If 11. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. COUNT I: CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE OF TEN (10) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE OF TEN (10) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT III: CONVICTION OF POSSESSION OF A WEAPON BY A CONVICTED FELON AND SENTENCE OF TEN (10) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT IV: CONVICTION OF TRAFFICKING IN STOLEN FIREARMS AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES IN COUNTS I-III SHALL RUN CONSECUTIVELY. SENTENCE IN COUNT IV SHALL RUN CONCURRENTLY WITH SENTENCES IN COUNTS I-III. SAID SENTENCES SHALL NOT BE REDUCED OR SUSPENDED; NOR SHALL THE APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION. APPELLANT SHALL PAY ALL COURT COSTS AND FEES.
*33 RANDOLPH, P.J., LAMAR AND PIERCE, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KITCHENS, J. WALLER, C.J., AND MAXWELL, J.,' NOT PARTICIPATING.

. "A trial judge cannot be put in error on a matter which was not presented to him for decision.” Holmes v. State, 798 So.2d 533, 534 (¶ 16) (Miss.2001) (citing Ponder v. State, 335 So.2d 885, 886 (Miss.1976)). However, Mississippi Rule of Evidence 103(d) provides: "Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.” Mississippi Rule of Appellate Procedure 28(a)(3) provides: "No issue not distinctly identified shall be argued by counsel, except upon request of the Court but the Court may, at its option, notice a plain error not identified or distinctly specified.”