# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-01112-COA

**WILLIE QUALLS, JR. A/K/A WILLIE JENE QUALLS, JR. A/K/A PETER WILLIE QUALLS, JR. A/K/A WILLIE GENE QUALLS, JR.**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/11/2023 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: STACY FERRARO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DANIELLE LOVE BURKS |
| DISTRICT ATTORNEY: | DANIELLA MARIE SHORTER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; VACATED AND REMANDED IN PART - 05/26/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND WEDDLE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Willie Qualls Jr. was convicted of being a felon in possession of a weapon following a shooting at a bar that resulted in the death of Arthur Newell. The trial court sentenced Qualls to life imprisonment as a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015). Qualls appeals, arguing that the State failed to prove his habitual-offender status under section 99-19-83. The State concedes that the evidence presented at trial was insufficient to establish Qualls' habitual-offender status under section

99-19-83, and the State agrees that the case should be remanded for resentencing under Mississippi Code Annotated section 99-19-81 (Rev. 2015).

## FACTS AND PROCEDURAL HISTORY

¶2. On the night of March 25, 2018, police were called to respond to shots fired at Simps Bar and Grill on Tillman Road. According to eyewitnesses, an altercation occurred on the porch outside the front door of the bar. Witnesses stated that Qualls began arguing with a man named Craig and was subsequently asked by a security guard to leave. Qualls responded by saying he had a gun. Afterward, Qualls went outside on the porch and started arguing with Quitta Smith, who pushed him at some point during the argument. Qualls was asked once again to leave by Arthur "Rooster" Newell. In response, Qualls then pointed his gun at Smith and continued to argue with several men on the porch, stating that he "was going to kill [her]" and "do five years and get out of jail." The men replied that if Qualls let them off the porch, they were going to "show him." Qualls then said he was going to go to his car and show them something. While pacing and making threats to "shoot this m*****f***** up," Qualls walked toward his car. As he approached, he encountered Montrell Johnson and pointed his gun at him before getting into the car. A few minutes later, Qualls exited his car and continued arguing with Johnson.

¶3. Witnesses stated that Johnson was trying to diffuse the situation and calm Qualls down. While arguing with Johnson, Qualls pointed his gun in the air and fired several times before lowering the pistol and aiming it at Johnson. In response, Johnson ran around the car to the driver's side, and then he leaned across the top of the car, shooting his gun at Qualls.

2

As Johnson shot his gun, a man later identified as Billy Burnell came out of the bar with a pool stick and knocked Qualls to the ground. Qualls fell, and his gun slid under his car. Other people began to join in and hit Qualls, while Newell intervened, trying to get them to stop. Several witnesses reported hearing multiple gunshots originating from various locations, shot from different firearms. At some point during the commotion, Newell was shot in the face and killed. No witness reported seeing Qualls shoot Newell.

¶4.    Qualls was prosecuted for second-degree murder and possession of a deadly weapon while being a felon. Qualls stipulated that he had a previous felony conviction. The jury was unable to reach a unanimous decision on the second-degree murder charge but found Qualls guilty of being a felon in possession of a weapon. At Qualls' sentencing hearing, the State sought to have Qualls sentenced as a violent habitual offender under section 99-19-83, which provides that a defendant will be sentenced to life imprisonment without eligibility for parole if he has served separate sentences of one year or more for unrelated violent felony convictions.

¶5.    The State's Exhibit S22 at the hearing included certified documents demonstrating that Qualls was convicted of auto burglary and included time sheets and discharge papers demonstrating that he served seven years. The State's Exhibit S21 included certified documents demonstrating that in a separate incident in a different county, Qualls had been convicted of aggravated assault and felon in possession of a concealed weapon, and he was sentenced to fifteen years in custody with ten years to serve and five years on probation. However, Exhibit S21 did not include a discharge certificate or other documentation

3

demonstrating the actual time that Qualls served in prison. No other evidence of Qualls' time served was presented. Qualls did not object to the evidence presented at sentencing, and the court found that the State met its burden to prove violent habitual offender status. Qualls now appeals.

## STANDARD OF REVIEW

¶6.     When a defendant fails to object at trial, an appellate court can still review for plain error when "a defendant's substantive or fundamental rights are affected." *Green v. State*, 183 So. 3d 28, 31 (¶6) (Miss. 2016). "Plain-error review is properly utilized for correcting obvious instances of injustice or misapplied law." *Id.* (Emphasis and internal quotation marks omitted). "For the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice or seriously affects the fairness, integrity or public reputation of judicial proceedings." *Hall v. State*, 201 So. 3d 424, 428 (¶12) (Miss. 2016). "To determine if plain error has occurred, this Court must determine if the trial court has deviated from a legal rule, whether that error is plain, clear, or obvious, and whether that error has prejudiced the outcome of the trial." *Conner v. State*, 138 So. 3d 143, 151 (¶19) (Miss. 2014).

## DISCUSSION

¶7.     Qualls contends that the State failed to prove that he served one year or more for both prior violent felonies used to prove his habitual offender status under section 99-19-83, which states:

> Every person convicted in this state of a felony who shall have been convicted
> twice previously of any felony or federal crime upon charges separately

4

brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code Ann. § 99-19-83.

¶8. The State bears the burden to prove habitual status beyond a reasonable doubt at sentencing. *Young v. State*, 368 So. 3d 299, 304 (¶10) (Miss. 2023). To establish habitual status, the defendant must be indicted as an habitual offender, the prosecution must "prove the prior offenses by competent evidence," and "the defendant must be given a reasonable opportunity to challenge the prosecutor's proof." *Id.* Further, "if the State fails to prove an accused habitual offender's prior convictions by competent evidence, the State does not get 'a second chance to prove . . . habitual-offender status on remand, because that would violate the prohibition against double jeopardy under the Mississippi Constitution.'" *Ward v. State*, 346 So. 3d 868, 874 (¶17) (Miss. 2022) (quoting *Grayer v. State*, 120 So. 3d 964, 969-70 (¶20) (Miss. 2013)). Additionally, "[a]n illegal sentence is an obvious error subject to plain-error review." *Swinney v. State*, 241 So. 3d 599, 606 (¶17) (Miss. 2018) (quoting *Martin v. State*, 214 So. 3d 217, 220 (¶6) (Miss. 2017)).

¶9. Our appellate courts have consistently remanded for resentencing when the record on appeal demonstrates that the State failed to present competent evidence of a defendant's habitual status at trial. *Young*, 368 So. 3d at 301 (¶1); *Grayer*, 120 So. 3d at 969 (¶20);

*Swinney*, 241 So. 3d at 614 (¶68); *Ward*, 346 So. 3d at 874 (¶17); *Course v. State*, 396 So. 3d 1181, 1193 (¶43) (Miss. Ct. App. 2024). In *Young*, for example, the Mississippi Supreme Court held that the defendant's presentence report did not contain sufficiently reliable information to establish his habitual status. "The report did not contain any information regarding the length of Young's prior sentences for [the] felony convictions or the dates on which the incidents took place." *Young*, 368 So. 3d at 302 (¶4). This line of cases consistently observes the principle that a defendant has a fundamental right to be free from an illegal sentence that does not conform to the applicable penalty statute. *Perry v. State*, 233 So. 3d 750, 760 (¶25) (Miss. 2017). Again, "the State does not get 'a second chance to prove . . . habitual-offender status, because that would violate the prohibition against double jeopardy under the Mississippi Constitution.'" *Ward*, 346 So. 3d at 874 (¶17) (quoting *Grayer*, 120 So. 3d at 969-70 (¶20)).

¶10.    Here, Qualls contends that the trial court erred in sentencing him as a violent habitual offender under section 99-19-83 because the State failed to prove that he served separate terms of at least one year on each of his prior convictions. While the State presented evidence that he was convicted of the aggravated assault and felon-in-possession charges, the State did not present any evidence demonstrating the amount of time Qualls actually served for those convictions. In the absence of competent evidence that Qualls actually served a year or more, the proof is insufficient to establish him as a violent habitual offender.

¶11.    On appeal, the State concedes the issue and agrees that the proper disposition is to remand for resentencing as a non-violent habitual offender. Therefore, on plain-error review,

and as the State concedes, the proper remedy in this case is to vacate the sentencing order and remand for resentencing under section 99-19-81.

## CONCLUSION

¶12.   The prosecution failed to put on competent evidence that Qualls served one year or more for the prior violent felonies supporting his habitual-offender status under section 99-19-83. We affirm his conviction of possession of a weapon as a felon; however, because the prohibition against double jeopardy precludes a second opportunity for the State to prove Qualls' habitual-offender status, we vacate the sentencing order and remand for resentencing under the non-violent habitual statute, section 99-19-81.

¶13.   **AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.  EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

7