983 So.2d 348 (2008)
Armstrong KNIGHT a/k/a Armstrong Jacob Knight, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00165-COA.
Court of Appeals of Mississippi.
March 11, 2008.
*349 Armstrong Knight, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
GRIFFIS, J., for the Court.
¶ 1. The motion for rehearing is granted. The original opinion is withdrawn, and this modified opinion is substituted in lieu thereof.
*350 ¶ 2. This is an appeal from the denial of a motion for post-conviction relief. In May 2003, Armstrong Knight was charged with the July 2002 murder of Charles Dawson. The charge was later reduced to manslaughter. In December 2003, Knight pleaded guilty and was sentenced to serve a total of thirty years in prison. He was sentenced to serve twenty years on the manslaughter charge, five years on the charge of carrying a concealed weapon, and two and one half years on each charge of the possession of a firearm by a felon.
¶ 3. Thereafter, Knight filed a motion for post-conviction collateral relief. The trial court dismissed the motion without a hearing and found that Knight had failed to demonstrate any grounds for relief. We find that Knight's conviction, in cause number B2401-2003-746, for carrying a concealed weapon in violation of Mississippi Code Annotated section 97-37-1 (Rev. 2006), should be reversed and judgment rendered to vacate his conviction and sentence as to cause number B2401-2003-746 for carrying a concealed weapon. We affirm the trial court on all other issues raised in Knight's appeal.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed "absent a finding that the trial court's decision was clearly erroneous." Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
1. Whether Knight's attorney was ineffective by allowing Knight to plead guilty to an offense which is not a crime.
¶ 5. Knight claims that his counsel was ineffective by allowing him to plead guilty to the concealment of a deadly weapon by a felon charge when the State's evidence showed that the pistol alleged to have been concealed was found in a van, a motor vehicle, which is exempted by statute.
¶ 6. To prevail on a claim of ineffective assistance of counsel, Knight must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests upon Knight, and this Court will measure the alleged deficiency within the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). A presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001). Knight must show that there is a "reasonable probability" that but for the alleged errors of counsel, the sentence of the trial court would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 7. Knight pleaded guilty to the crime of carrying a concealed deadly weapon, in violation of Mississippi Code Annotated section 97-37-1. He was sentenced, under subsection (d), as a felon to serve the maximum of five years in prison. In his motion for post-conviction collateral relief, Knight argues that section 97-37-1(2) also provides that "[i]t shall not be a violation of the concealed weapon statute for any person over the age of eighteen (18) years to carry a firearm or deadly weapon concealed in whole or in part . . . within any motor vehicle." (Emphasis added). Knight claims that the record indicated that the pistol he was charged with concealing was under a blanket in his van. Applying section 97-37-1(2), Knight argues that he committed no crime by having the pistol covered by a blanket in his van, a motor vehicle.
*351 ¶ 8. The trial court found that Knight's motion lacked any grounds for relief. Nevertheless, the trial court ordered that a transcript of all matters presented to the court prior to the trial date be transcribed. We, therefore, must examine this transcript for the factual basis of the concealed weapon charge.
¶ 9. The following is the relevant portion of the plea colloquy regarding the charge for possession of a concealed weapon. The following exchanges took place among the trial court judge; the defendant; defense counsel, James L. Davis, III; and the prosecutor, Lawrence P. Bourgeois, Jr.:
MR. DAVIS: Judge, I can help clarify some of the things. I think Armstrong [Knight] acknowledges that the 9mm pistol was in the van with y'all that particular evening; is that right?
DEFENDANT KNIGHT: Yes.
MR. DAVIS: And did you have a blanket over it while were you [sic] riding around in the van?
DEFENDANT KNIGHT: Yes.
. . . .
MR. BOURGEOIS: Now, the 9mm, you admit that it was concealed?
DEFENDANT KNIGHT: Yes.
MR. BOURGEOIS: And that took place on July 8th of 2002?
DEFENDANT KNIGHT: Yes.
MR. BOURGEOIS: In Harrison County, Mississippi, right here.
DEFENDANT KNIGHT: Yes.
¶ 10. Knight was charged, in cause number B2401-2003-746, with carrying a concealed weapon in violation of Mississippi Code Annotated section 97-37-1. The bill of information, signed by the assistant district attorney, charged:
On or about July 8, 2002, in the said First Judicial District of Harrison County, Mississippi, ARMSTRONG JACOB KNIGHT, did knowingly, wilfully and feloniously carry a firearm, concealed in whole or part, to-wit: a .9 mm pistol, at a time when he, the said ARMSTRONG JACOB KNIGHT, had previously been convicted of Possession of Controlled Substance for Sale, a felony, on October 13, 2000, in the Superior Court of Sacramento County, California, Court Docket # 00F06399, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
Mississippi Code Annotated section 97-37-1, in relevant part, provides:
(1) Except as otherwise provided . . . any person who carries, concealed in whole or in part, any . . ., pistol, [or] revolver, . . . shall upon conviction be punished as follows:. . . .
(d) By imprisonment in the State Penitentiary for not less than one (1) year nor more than five (5) years for any person previously convicted of any felony who is convicted under this section.
(2) It shall not be a violation of this section for any person over the age of eighteen (18) years to carry a firearm or deadly weapon concealed in whole or in part within the confines of his own home or his place of business, or any real property associated with his home or business or within any motor vehicle.

(Emphasis added).
¶ 11. The record that supports the charge, in cause number B2401-2003-746, of carrying a concealed weapon by a felon in violation of Mississippi Code Annotated section 97-37-1 is based upon Knight's action of having a 9mm pistol under a blanket in his van. Knight admitted that, on July 8, 2002, he had a blanket over a 9mm pistol in his van. Knight also testified that a 9mm pistol was one of the *352 weapons used in killing the victim. Under section 97-37-1(2), it is not a crime in Mississippi for a person to carry a concealed firearm, if it is carried within a motor vehicle.
¶ 12. "[A] factual basis is an `essential part of the constitutionally valid and enforceable decision to plead guilty.'" Carter v. State, 775 So.2d 91, 98(¶ 28) (Miss.1999) (quoting Lott v. State, 597 So.2d 627, 628 (Miss.1992)). There must be an evidentiary foundation in the record that is "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." Id. quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984). A factual basis is not established by the mere fact that a defendant enters a plea of guilty. Lott, 597 So.2d at 628.
¶ 13. Here, Knight pleaded guilty, under section 97-37-1, to carrying a concealed weapon. However, there was no factual basis for the charge against him because section 97-37-1(2) allows a person to possess a concealed firearm or deadly weapon within any motor vehicle. The substance of the charge against him was that he had a 9mm pistol under a blanket in his van, a motor vehicle. These facts do not support the commission of a crime under section 97-37-1. Therefore, we find that Knight has demonstrated that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Indeed, Knight has established that there was a "reasonable probability" that, but for the alleged errors of counsel, the sentence of the trial court would have been different. Nicolaou, 612 So.2d at 1086.
¶ 14. Accordingly, we reverse the trial court's judgment to dismiss the motion for post-conviction collateral relief. We find that Knight's counsel was ineffective for allowing him to plead guilty to conduct which was not a crime. We render judgment to vacate Knight's conviction and sentence in cause number B2401-2003-746, for carrying a concealed weapon in violation of Mississippi Code Annotated section 97-37-1.
2. Whether Knight's counsel was ineffective by allowing him to plead guilty to two counts of a felon in possession of a deadly weapon when his prior conviction was based upon a nolo contendere plea.
¶ 15. Knight was also charged with two counts of felon in possession of a firearm in violation of Mississippi Code Annotated section 97-37-5(1). Under this section, it is unlawful for any person who has been convicted of a felony under the laws of Mississippi or any other state or of the United States to possess a firearm.
¶ 16. Knight admits his possession of the weapons at issue. However, he disputes that he was a convicted felon. Instead, Knight argues that the conviction upon which these charges were based was a marijuana possession charge, in Sacramento, California, to which he pleaded nolo contendere. Knight claims that pursuant to Rule 410 of the Mississippi Rules of Evidence, a plea of nolo contendere is not admissible in any civil or criminal proceeding. Thus, he claims that his counsel was ineffective for not investigating and determining that he had pleaded nolo contendere to the charges listed in the bills of information used as the prior felony to bring the charge.
¶ 17. The comment to Rule 410 of the Mississippi Rules of Evidence states, "Under existing Mississippi law, a plea of nolo contendere by a defendant is not admissible against him later in either a civil or a criminal case." The comment cites to *353 Keyes v. State, 312 So.2d 7 (Miss.1975). In Keyes, the supreme court held that a plea of nolo contendere is only available in misdemeanor cases, not in felony cases. Id. at 10. However, the nolo contendere plea at issue here is not under Mississippi law, but relates to a nolo contendere plea in a California court.
¶ 18. We first review the plea colloquy record for the factual basis for Knight's conviction of two counts of a felon in possession of a firearm. The following exchange occurred:
THE COURT: Have you ever been convicted of a felony before?
DEFENDANT KNIGHT: A nonviolent charge.
THE COURT: Where?
DEFENDANT KNIGHT: In Sacramento, California.
THE COURT: Did you go to trial?
DEFENDANT KNIGHT: No, I didn't.
THE COURT: Did you plead guilty?
DEFENDANT KNIGHT: Yes, I did.
THE COURT: Did you actually serve time?
DEFENDANT KNIGHT: Yeah, one.
THE COURT: How much?
DEFENDANT KNIGHT: One year in the county jail; 9 months, 20 days with 85 percent. Yes, sir.
THE COURT: Do you understand that by pleading guilty to all of theses charges here today, that this will qualify you in future to be charged as a habitual felon?
MR. DAVIS: Let me explain that.
(OFF-RECORD DISCUSSION BETWEEN MR. DAVIS AND DEFENDANT KNIGHT.)
DEFENDANT KNIGHT: Yes, sir.
¶ 19. Then, Knight explained how he had committed the crime of killing Dawson which necessarily involved telling of the weapons he possessed. The following exchange then occurred:
MR. DAVIS: All right. And you have a prior conviction in Sacramento, California for possession of, I think it's 1.1 pounds of marijuana, but it was a possession with intent to sell because they were individually wrapped.
DEFENDANT KNIGHT: Yes.
MR. BOURGEOIS: And that prior conviction is a felony.
DEFENDANT KNIGHT: Yes.
¶ 20. In his petition to enter a plea of guilty, Knight wrote in his own handwriting that he wished to plead guilty to "2 counts of possession of 2 firearm [sic] after felony conviction."
¶ 21. As discussed in the previous section, there is no doubt that Knight possessed the firearms charged in the bill of information. Knight admits this fact and that he used two of them in killing Dawson. Knight argues that it is not clear from the record whether he was a convicted felon, an element of the crime. Knight testified, under oath, that he was convicted of a 2000 felony drug charge in California. However, Knight claims that had his counsel investigated the charge he would have determined that Knight entered a plea of nolo contendere, which under Rule 410 might not be used against him in the Mississippi charges.[1] Certainly, Knight was aware of this fact as he stood before the trial court.
¶ 22. The most exhaustive and latest examination of the effects of pleading nolo contendere is found in Bailey v. State, 728 *354 So.2d 1070 (Miss.1997). At issue was whether prior judgments of guilty, following pleas of nolo contendere to charges of driving under the influence, were "convictions" which could be used for DUI sentence enhancement. In a case of first impression, the supreme court found that the convictions based upon nolo contendere pleas were judgments of guilty that could be used for DUI sentence enhancement. Id. at (¶¶ 6-15) 1071-73. "[I]t is difficult to define the exact nature of a plea of nolo contendere, but regardless of the label attached, it seems that for practical purposes a plea of nolo contendere is a plea of guilty or the equivalent thereof." Id. at (¶ 7) 1071-72 (quoting 21 Am.Jur.2d Criminal Law § 492). By its ruling, the court said that it adopted what it called the majority position regarding the use of nolo contendere pleas. Id. at 1073(¶ 15). The court explained that the majority view allows for a difference between the collateral use of a nolo contendere plea as an admission of misconduct and the collateral use of the fact of a conviction. The court stated:
This position preserves the benefits of the nolo contendere plea to a defendant who fears subsequent civil liability based upon an admission of guilty to a criminal charge. At the same time, however, the majority position looks to the conviction and sentence imposed by the court after the plea and finds the conviction as conclusive as a conviction entered after a plea of guilty or entered after a trial and a plea of not guilty.
Id. at (¶ 14) 1073 (quoting In re Lewis, 389 Mich. 668, 680, 209 N.W.2d 203, 209 (1973)).
¶ 23. The court explained that the minority position reasons that the plea of nolo contendere and any conviction entered based upon the nolo plea has no effect beyond the criminal proceedings at issue. "If the plea itself could not be used in any collateral matter, it follows that anything growing out of that plea . . . could not be used as a conviction if the plea itself is deprived of that classification." Id. According to the minority position, to use a conviction based upon a nolo contendere plea collaterally would be tantamount to an admission of guilt "precisely that result which the plea of nolo contendere is intended to avoid." Id.
¶ 24. The record here does not contain a certified copy of Knight's California conviction. Indeed, such is not required. Knight admitted on the record that he was convicted of a felony in California in 2000. However, in his motion for post-conviction collateral relief, Knight claims that he pleaded nolo contendere and places documents to that effect in his pleading.
¶ 25. "In order to establish that failure to investigate a line of defense constituted ineffective assistance, a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course." Thomas v. State, 881 So.2d 912, 918(¶ 18) (Miss.Ct.App.2004) (quoting King v. State, 503 So.2d 271, 275 (Miss.1987)). We find that Knight has failed to establish a prima facie case of ineffective assistance of counsel as to the charges of a felon in possession of a firearm in violation of Mississippi Code Annotated section 97-37-5(1). Accordingly, we affirm the trial court's denial of Knight's motion for post-conviction collateral relief as to this issue.
3. Whether Knight's plea agreement was valid.
¶ 26. Knight alleges that his plea agreement was breached when the State failed to return certain personal property valued at $7,100 to his brother. The record reveals that Knight's plea petition indicated that he understood the recommendation that would be made on sentencing. In *355 addition to the thirty years total incarceration referenced in the petition, there was this handwritten sentence: "Defendant requests personal property returned to his brother." At the plea hearing, Knight's attorney stated that "Armstrong did have a few items of personal property that if the Sheriff's Department would return to his brother, he would appreciate it. It's a computer and a few other things." Knight now alleges that some or all of this property was not returned.
¶ 27. Knight argues that the failure to return the property allows him to withdraw his plea, citing Myers v. State, 770 So.2d 542 (Miss.Ct.App.2000). In Myers, the trial court's denial of post-conviction collateral relief was reversed due to the failure of the State to adhere to a plea bargain. The State agreed to recommend a twenty-five-year sentence in exchange for a guilty plea, but then, the State recommended a thirty-year sentence at the hearing. Id. at 544(¶ 4). Despite the discretion of the trial judge on sentencing, we held that the State's ignoring of its agreement meant the case should be remanded. Id. at 549(¶ 34). We stated:
The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty.
Id. As to Knight, there is no proof that the recommendation was not honored. Defense counsel mentioned the issue of the personal property to the trial judge during sentencing, and the State did nothing at the hearing to undermine the defense's effort to have the property returned.
¶ 28. Even if the property was not returned, there was not a failure by the State at the sentencing hearing, as in Myers, to honor the agreement on what sentence to recommend to the trial judge. If Knight or his family believe the county or other authorities have retained property that should be delivered to them, there are means to seek its return. Knight's plea was valid, regardless of what happened to the computer and other items.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IN CAUSE NUMBER B2401-2003-746, FOR CARRYING A CONCEALED WEAPON IN VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 97-37-1, IS REVERSED AND RENDERED, AND THE REMAINDER OF THE JUDGMENT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Knight included in his lengthy motion for post-conviction relief what appears to be copies of sentencing records from the Sacramento California Superior and Municipal Courts which show that on September 15, 2000, he pleaded nolo contendere to three charges.