ISHEE, J.,
concurring in part and dissenting in part:
¶ 21. While I concur with the majority’s opinion with regard to Wilson’s double-jeopardy claim, I must dissent as to the majority’s analysis of Wilson’s ineffective-assistance-of-counsel claim. The majority places great weight on the voluntariness of Wilson’s guilty plea and the plea bargain in general. The opinion emphasizes that without Wilson’s plea bargain, he would have faced a sentence of life imprisonment. Specifically, the majority references that Wilson “was motivated by his desire to accept the State’s plea offer for an eight-year sentence ... instead of the probability, if not certainty, of a mandatory life sentence....” Maj. Op. ¶ 13.
¶ 22. However, the majority’s focus on Wilson’s sentencing possibilities before and after the plea bargain is wholly misplaced. Wilson has never challenged the voluntariness of his guilty plea or the existence of a plea bargain. Additionally, he has never denied that without the plea bargain, he *1290 would have faced a greater sentence. The question is not whether Wilson voluntarily and intelligently entered a plea of guilty to carrying a concealed weapon in a motor vehicle or whether the plea bargain benefited Wilson. Rather, the question before this Court is whether Wilson’s guilty plea to a crime that does not exist constitutes ineffective assistance of counsel and reversible error. I firmly believe that it does.
¶ 23. While Mississippi law prevents the carrying of a concealed weapon, the law also states:
It shall not be a violation of this section for any person over the age of eighteen (18) years to carry a firearm or deadly weapon concealed in whole or in part within the confines of his own home or his place of business, or any real property associated with his home or business or within any motor vehicle.
Miss.Code Ann. § 97-37-1(2) (Supp.2011).
¶ 24. In Knight v. State, 983 So.2d 348 (Miss.Ct.App.2008), we addressed a case factually similar to the one at hand. Armstrong Knight, a convicted felon, was charged with several offenses, including carrying a concealed weapon in violation of section 97-37-1, after police officers discovered a .9-millimeter pistol located under a blanket in Knight’s vehicle. Knight, 983 So.2d at 351 (¶ 11). Knight subsequently pleaded guilty to the charge of carrying a concealed weapon. Id. at 352 (¶ 13). However, we noted the deficiency of a factual basis for Knight’s conviction of carrying a concealed weapon since section 97-37-1(2) negates the crime when the weapon is located inside a motor vehicle. See Knight, 983 So.2d at 352 (¶ 13).
¶ 25. We went on to apply the Strickland requirements for proving ineffective assistance of counsel. Id. (citing Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We held that since Knight did not commit a crime under Mississippi law by concealing a weapon in his vehicle, he had demonstrated that his counsel’s performance was deficient by advising him to plead guilty to carrying a concealed weapon. Id. We further determined that Knight’s counsel’s deficiency prejudiced his defense. Id. As such, Knight met the requirements for proving ineffective assistance of counsel, and we reversed and rendered his conviction for carrying a concealed weapon. Id. at 355 (¶ 29).
¶ 26. The facts of Knight with regard to the charge of carrying a concealed weapon are very similar to the case at hand. Wilson was arrested for carrying a concealed weapon based on authorities discovering the weapon inside his vehicle. Wilson then pleaded guilty by bill of information, at which time he testified that he had walked from his house to his vehicle with the weapon in his pocket. The majority uses this testimony to create a factual basis for charging Wilson with carrying a concealed weapon. In support thereof, the majority quotes the circuit court judge, who referenced the two charges of felon in possession of a firearm and carrying a concealed weapon and stated: “[Ejven though it’s the same firearm[,] you can commit both of these offenses with that same firearm. It depends on where you were and where the gun was.”
¶ 27. The majority reads the circuit court’s statement to infer that Wilson was being charged with carrying a concealed weapon for both the motor vehicle stop and his testimony that he carried the weapon in his pocket from his house to his car. This is an incorrect interpretation. The circuit court was undoubtedly referencing the validity of charging Wilson with two separate crimes — the crime of a felon carrying a weapon and the crime of carrying a concealed weapon — based on the use *1291 of the same weapon. As such, it is clear that Wilson’s charge for carrying a concealed weapon was based on the authorities’ discovery of the weapon inside Wilson’s vehicle.
¶ 28. Nowhere does the circuit court state that Wilson was charged for carrying a concealed weapon because of his testimony that he walked from his house to his vehicle with the weapon in his pocket. Likewise, there is absolutely no factual basis for charging Wilson with carrying a concealed weapon under those circumstances. The majority fails to provide anything other than conjecture that it was illegal for Wilson to walk from his house to his vehicle with the weapon in his pocket. The majority’s argument is founded on the following testimony:
Wilson: When I left — when I left the house, I — had it — I had it on my person.
The Court: Okay. Did you have it in your pocket?
Wilson: Yes, sir.
[[Image here]]
The Court: So when you left out of your house, you had this .38 caliber [revolver]—
Wilson: Yes, sir.
The Court: And you walked to your car; is that right?
Wilson: Yes, sir.
The Court: And you got in the car and then you put it under the seat?
Wilson: Yes, sir.
¶ 29. Again, while the law prohibits the concealed carrying of a weapon such as a .38 caliber revolver, the statute also allows Mississippians to carry a weapon concealed within the confines of their homes, places of business, any real property associated with their homes or businesses, or any motor vehicle. Miss. Code Ann. § 97-37-1(2). Wilson never testified that when he put the weapon in his pocket to walk to his vehicle that he left his real property in order to reach the vehicle. He merely stated that he left the house and walked to his vehicle with the weapon in his pocket.
¶ 30. As such, to create its argument that Wilson was guilty of carrying a concealed weapon, the majority assumes facts which simply are not in the record. The majority hypothesizes that Wilson’s vehicle was parked somewhere other than on real property associated with his home when, in fact, Wilson never specified where his vehicle was parked or where he had to walk to reach his vehicle. It is my opinion that this Court should not uphold convictions based on mere speculation.
¶ 31. To have charged Wilson properly, the factual basis of Wilson’s plea must have established that Wilson carried the weapon in question concealed in whole or in part outside of his private property. The record before us fails to provide such a factual basis. The facts in the record only reflect that Wilson was charged for carrying a concealed weapon after authorities discovered the weapon in his motor vehicle. I understand and appreciate the practicalities of plea bargains. However, there is a stark contrast between pleading an accused to a lesser offense and pleading an accused to a crime that does not exist.
¶ 32. While the federal government grants Americans minimum freedoms, states have the unquestionable right to expand on those freedoms. The Second Amendment of the United States Constitution grants Americans the right to bear arms. The Mississippi Legislature enacted the motor-vehicle exception to expand Second Amendment rights for Mississippi citizens. The full weight and force of the majority’s opinion effectively deprives Mississippi citizens of their legislatively enhanced Second Amendment rights. By af *1292 firming the approval of a guilty plea to carrying a concealed weapon in a motor vehicle, the majority is eviscerating the motor-vehicle exception and legislating from the bench. As such, it would appear the majority seeks to circumvent legislative intent to expand the Second Amendment rights of Mississippi citizens to bear arms.
¶ 33. Though inadvertent, the majority’s opinion curtails and infringes on Second Amendment rights as seldom seen in the history of Mississippi jurisprudence, with particular regard to Mississippi sportsmen and gun owners. The majority cites Mississippi Code Annotated section 97-37-1(3) (Supp.2011) as support for its counter-argument that its opinion will not affect the rights of sportsmen in Mississippi. However, the majority misapplies section 97-37-1(3) with regard to its protection of hunters in the context of this opinion. The statute protects a person carrying a concealed weapon “if the possessor of the weapon is then engaged in a legitimate weapon-related sports activity or is returning from such activity.” Id. (emphasis added). Nonetheless, this provision does not apply if the sportsman is engaged in activity not constituting the actual weapon-related sport.
¶ 34. For instance, under the majority’s opinion, a hunter carrying a weapon in a case and walking from his house to his vehicle in the driveway, or from his apartment to his vehicle in the parking lot, would be guilty of carrying a concealed weapon if he was not then en route, engaged in, or returning from an applicable weapon-related sport. If the hunter carried the weapon in a case to his vehicle to take to a gun shop for sale or repair, or wrapped the weapon in paper and carried it to his vehicle to be given as a present to a family member, the hunter would be guilty of carrying a concealed weapon under the majority’s opinion. Section 97-37-1(3) would grant the hunter no protection in the aftermath of the majority’s decimation of the motor-vehicle exception. Such an interpretation would be contrary to the purpose of the motor-vehicle exception. I cannot support such an interpretation. Accordingly, I find that because Wilson was improperly allowed to plead guilty to conduct not constituting a crime, his conviction of carrying a concealed weapon should be reversed and rendered.
LEE, C.J., AND RUSSELL, J., JOIN THIS OPINION. BARNES, J., JOINS THIS OPINION IN PART.