# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-KA-00279-SCT

*STANLEY McGLASTEN a/k/a STANLEY
McGLASTON a/k/a CATMAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/13/2020 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| TRIAL COURT ATTORNEYS: | MATTHEW GORDON SULLIVAN |
| | CHRISTOPHER DOUGLAS HENNIS |
| | JEANNENE PACIFIC |
| | PATRICK LANCE PACIFIC |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: ERIN E. BRIGGS |
| | GEORGE T. HOLMES |
| | ZAKIA BUTLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA BYRD |
| DISTRICT ATTORNEY: | CHRISTOPHER DOUGLAS HENNIS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART; AND REMANDED - 11/04/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. This appeal raises a question of first impression concerning the unit of prosecution in felon-in-possession cases. Stanley McGlasten, a convicted felon, was caught with four guns in a small residence. He was charged with and convicted of four separate violations of

Mississippi Code Section 97-37-5(1) (Rev. 2020). And he was sentenced to separate terms of ten years' imprisonment on each of the four counts, to be served consecutively.

¶2. Section 97-37-5(1) makes it unlawful for "any person who has been convicted of a felony . . . to possess any firearm . . . ." And today we are called on to decide, for the first time, what the phrase "*any firearm*" means. Does the phrase "any firearm" mean one firearm—thus permitting the State to stretch the four firearms McGlasten simultaneously possessed into four separate counts, exposing him to four times the punishment? Or does the phrase "any firearm" also encompass the possession of multiple guns, thereby exposing McGlasten to just one count of unlawfully possessing the four firearms found that day in the house?

¶3. After review, we have no choice but to hold that the answer to both of these questions is yes. The statutory charging concern is that the word "any" can mean "one, some, or all."[1] Therefore, the statute's use of the phrase "any firearm" to define the unit of prosecution is susceptible to *both* the singular and plural meaning of "any." So it is without question ambiguous. We point out that our decision today is by no means a novel one. We take the same approach and reach the same conclusion as the federal and state courts that have addressed the unit of prosecution for simultaneously possessed firearms under similar statutes prohibiting felons from possessing "any firearm."

¶4. When a criminal statute is ambiguous, the rule of lenity mandates we interpret the statute in favor of the accused. That means we must adopt the interpretation that "any

---

[1] *Any*, Webster's Ninth New Collegiate Dictionary (9th ed. 1983).

firearm" includes multiple firearms possessed at the same time and in the same place. Therefore, McGlasten's multiple convictions cannot stand. Because the State presented evidence that McGlasten possessed the four weapons at the same time in the same small house, his four convictions merge into one count of conviction. Thus, only one of McGlasten's convictions can be affirmed.

¶5. We therefore remand the case to the circuit court to vacate McGlasten's sentences, merge the four counts of conviction into one count, and resentence him based on the one remaining count.

**Facts**

¶6. McGlasten was living in his father's house in Jasper County. In the early morning of August 31, 2018, officers with the Jasper County Sheriff's Department executed a search warrant at the residence. McGlasten was home and grabbed a nearby 9mm pistol. When the officers attempted to enter, McGlasten began shooting. The officers returned fire, wounding McGlasten, who was taken to the hospital for treatment.

¶7. Investigators immediately recovered the 9mm pistol. A later search of the small house revealed three more guns—a .25-caliber revolver in a living room, within a few steps of an open room where two .22-caliber revolvers were found on the same shelving unit.

¶8. McGlasten is a convicted felon. And the State charged him with four counts of unlawful possession of a firearm by a convicted felon. Miss. Code Ann. § 97-37-5(1). He was also charged with four counts of aggravated assault on a law enforcement officer. Miss. Code Ann. § 97-3-7(2)(a)(ii), (2)(b), (14)(a) (Rev. 2020). Before trial, McGlasten moved to

3

dismiss the four individual firearm-possession counts and requested the four charges be merged into one count. McGlasten argued the four possession counts were "in all respects the same crime." He insisted that charging this one crime as four "individual offenses" violated his "constitutional rights against double jeopardy." The trial judge denied his motion.

¶9.     McGlasten was tried on the eight charged counts. The jury acquitted him of all four aggravated-assault charges. But the jury found him guilty of the four counts of possession of a firearm by a convicted felon. The circuit court sentenced him to serve ten years on each count, with the sentences to run consecutively. After the trial judge denied his post-trial motions, McGlasten appealed.

## Discussion

¶10.    On appeal, McGlasten raises one issue—that his simultaneous possession of the four guns constituted only one violation of Mississippi Code Section 97-37-5(1). He argues his four separate convictions violated the Fifth Amendment's protection against double jeopardy. *See* U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . .").

### I.     Multiplicity

¶11.    The gist of what McGlasten is arguing is that his indictment was multiplicitous. "An indictment is multiplicitous if it charges a single offense in more than one count." 41 Am. Jur. 2d *Indictments and Informations* § 196 (2015). "Multiplicitous charges may violate the Fifth Amendment's prohibition against double jeopardy" due to "the possibility that the

4

defendant will receive more than one sentence for a single offense." *Id.* So what we must decide is whether McGlasten's indictment wrongly charged a single offense in more than one count, placing him in jeopardy of multiple punishments for one offense.

## II. Issue of First Impression

¶12. Interestingly, until today, this Court has never answered this question or interpreted this issue. Nor has the Court of Appeals ever said simultaneous possession of multiple firearms constitutes multiple offenses. In fact, in **Green v. State**, 183 So. 3d 28, 30-32 (Miss. 2016)—the only case in which we were ever asked to decide this specific question—this Court intentionally declined to do so.

¶13. On certiorari review, Green wanted this Court to decide if his possession of three guns in his vehicle's trunk could support three separate counts of possession of a prohibited weapon by a felon. *Id.* at 30. Green argued our constitution's double jeopardy provision shielded him from being convicted and punished three times for his simultaneous firearm possession. *Id.* In response, Justice Coleman—writing for this Court—emphasized that this issue was "*indeed one of first impression*," with the "*the correct result*" of this question being "*unsettled and unclear*." *Id.* at 30 (emphasis added). But instead of answering the question, this Court correctly opted against deciding Green's specific multiplicity-based double jeopardy claim. Because Green had not preserved the issue before seeking certiorari review and because this Court had never held otherwise, we declined to apply plain error review. *Id.* at 30-32. In short, this Court *did not* answer the question in **Green**. Nor has it anytime

5

before or since.[2]

### III. Ambiguity

¶14. A few months after this Court decided **Green**, the Court of Appeals dealt with a very similar claim. The appellate court noted our recent description of the simultaneous possession issue as "unsettled and unclear." **Knight v. State**, 192 So. 3d 360, 366 (Miss. Ct.

___

[2] In his dissent, Justice Coleman admits, just as he did when writing **Green**, that this is an issue of first impression. Diss. Op. ¶ 34. Yet while conceding this is still an issue of first impression—one this Court did not address when he wrote **Green**, nor has it since—Justice Coleman now simultaneously and surprisingly suggests this question has already been answered. To support his new approach, he cites several cases in which defendants were convicted of multiple felon-in-possession-of-a-firearm charges yet did not challenge their convictions as multiplicitous on appeal. There are several obvious problems with this tack.

First, Justice Coleman's new suggestion is directly at odds with his recent position in **Green**, in which he acknowledged that "the correct result is *unsettled and unclear*" when it comes to the issue of multiplicity. 183 So. 3d at 30 (emphasis added). Furthermore, in **Green**—after announcing the correct result as "*unsettled and unclear*"—Justice Coleman proceeded to cite the exact same set of cases that he cites today. *Id.* (emphasis added). But he now cites these same cases as support for his new and completely opposite position that the issue is *settled*.

Second, the six cases Justice Coleman cites prove nothing about whether the charges here were multiplicitous. In two cases, the defendants were facing life sentences for separate murder convictions. **Conners v. State**, 92 So. 3d 676, 679 (Miss. 2012); **Gunn v. State**, 174 So. 3d 848, 856 (Miss. Ct. App. 2014). In another two, the defendants chose to plead guilty. **Hawthorne v. State**, 174 So. 3d 306, 307 (Miss. Ct. App. 2015); **Knight v. State**, 983 So. 2d 348, 350 (Miss. Ct. App. 2008). One case actually resulted in the *reversal* of the defendant's convictions. **Gavin v. State**, 785 So. 2d 1088 (Miss. Ct. App. 2001). And in another, the two possession charges "stemm[ed] from two separate incidents." **Massey v. State**, 144 So. 3d 204, 205 (Miss. Ct. App. 2014). As Justice Coleman acknowledges, in not one of these cases did the defendant ever assert the question before us—whether a defendant's double jeopardy protections had been violated because his or her felon-in-possession convictions were multiplicitous. So these six cases lend neither precedential support nor any guidance to the proper handling of this unsettled question of Mississippi law.

App. 2016) (quoting **Green**, 183 So. 3d at 30). The appellate court also recognized that Knight had dodged a murder charge by pleading guilty to possessing two firearms as a felon—guns he separately stored and possessed at different times. **Id.** at 368. The court reasoned Knight had likely waived any double jeopardy claims by pleading guilty. **Id.** at 365. But waiver aside, the appellate court pointed out he suffered no double jeopardy harm because he pled guilty to *separately* storing and possessing the two firearms as a felon. **Id.** at 367-68.

¶15. In analyzing this issue, the Court of Appeals recognized the question turned on Mississippi's statutory usage of the phrase "any firearm" as opposed to "a firearm." **Id.** at 367. The appellate court looked to other state and federal courts that had interpreted these phrases and found a consistent pattern: courts that have reviewed the term "*any* firearm"—including *all* federal courts—have found the allowable unit of prosecution *ambiguous* and have permitted only one conviction for simultaneous possession of multiple firearms. **Id.** (emphasis added) (citing **Bell v. United States**, 349 U.S. 81, 82-83, 75 S. Ct. 620, 99 L. Ed. 905 (1955); **Hill v. State**, 711 So. 2d 1221, 1224-25 (Fla. Dist. Ct. App. 1998); **State v. Garris**, 663 S.E.2d 340, 348 (N.C. Ct. App. 2008)). But in states with statutes that use the term "*a* firearm," courts have found multiple convictions are allowed. **Id.** (emphasis added) (citing **Taylor v. State**, 929 N.E.2d 912, 922 (Ind. Ct. App. 2010); **State v. Kidd**, 562 N.W.2d 764, 766 (Iowa 1997); **State v. Lindsey**, 583 So. 2d 1200, 1204 (La. Ct. App. 1991); **State v. Stratton**, 567 A.2d 986, 989 (N.H. 1989)).

       *A.    Other courts have reached the same conclusion.*

7

¶16. We agree with the Court of Appeals that the application of this approach by other jurisdictions is both overwhelming and consistent.

¶17. As the Court of Appeals noted, federal circuit courts have unanimously followed the approach that "any firearm" renders the allowable unit of prosecution ambiguous. So only one conviction may stand when firearms are simultaneously possessed. *Knight*, 192 So. 3d at 367 n.1 (citing *United States v. Kennedy*, 682 F.3d 244, 255 (3d Cir. 2012); *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006); *United States v. Buchmeier*, 255 F.3d 415, 422 (7th Cir. 2001); *United States v. Adams*, 214 F.3d 724, 728 (6th Cir. 2000); *United States v. Verrecchia*, 196 F.3d 294, 298 (1st Cir. 1999); *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998); *United States v. Cunningham*, 145 F.3d 1385, 1398 (D.C. Cir. 1998); *United States v. Hutching*, 75 F.3d 1453, 1460 (10th Cir. 1996); *United States v. Berry*, 977 F.2d 915, 920 (5th Cir. 1992); *United States v. Szalkiewicz*, 944 F.2d 653, 654 (9th Cir. 1991); *United States v. Grinkiewicz*, 873 F.2d 253, 255 (11th Cir. 1989), *abrogated on other grounds by United States v. Clarke*, 822 F.3d 1213, 1215 (11th Cir. 2016); *United States v. Pelusio*, 725 F.2d 161, 169 (2d Cir. 1983)).

¶18. Indeed, the Supreme Court of Nevada recently observed the federal courts' "rare unanimity on the unit of prosecution [the 'any firearm' language in] 18 U.S.C. § 922(g)(1) authorizes in felon-in-possession cases":

> Every United States circuit court of appeals has deemed section 922(g)(1) ambiguous as to its unit of prosecution, applied the rule of lenity as stated in *Bell*, 349 U.S. at 83, . . . and held that "when a defendant's possession of multiple firearms is simultaneous and undifferentiated, the government may only charge that defendant with one violation of § 922(g)(1) . . . regardless of the actual quantity of firearms involved."

8

*State v. Fourth Jud. Dist. Ct.*, 481 P.3d 848, 852 (Nev. 2021) (quoting *Buchmeier*, 255 F.3d at 422).

¶19.   But it is not just federal courts that have ruled this way.  State courts reviewing the term "any firearm" in state felon-in-possession statutes like Mississippi's have reached the exact same conclusion.  They have held the unit of prosecution is ambiguous.  So under the rule of lenity, when statutes criminalize a felon's possession of "any firearm," the State may charge only one crime when one or more guns are possessed at one time in one place.  *E.g.*, *Bell v. State*, 122 So. 3d 958, 961 (Fla. Dist. Ct. App. 2013) (interpreting Fla. Stat. § 790.23(1)); *Coates v. State*, 818 S.E.2d 622, 625 (Ga. 2018) (interpreting Ga. Code Ann. § 16-11-131(b)); *State v. Auwae*, 968 P.2d 1070, 1078-81 (Haw. Ct. App. 1998) (interpreting Haw. Rev. Stat. § 134-7(b)), *overruled on other grounds by State v. Jenkins*, 997 P.2d 13, 38 (Haw. 2000); *People v. Carter*, 821 N.E.2d 233, 237 (Ill. 2004) (interpreting prior version of 720 Ill. Comp. Stat. 5/24-1.1 (West 1996)), *superseded by statute as stated in People v. Almond*, 32 N.E.3d 535, 541 (Ill. 2015); *Fourth Jud. Dist. Ct.*, 481 P.3d at 851-52 (interpreting Nev. Rev. Stat. § 202.360(1)(b)); *State v. Conley*, 839 S.E.2d 805, 808-09 (N.C. 2020) (interpreting N.C. Gen. Stat. § 14-269.2(b)); *Acey v. Commonwealth*, 511 S.E.2d 429, 433 (Va. Ct. App. 1999) (interpreting Va. Code Ann. § 18.2-308.2).

> B.      Because "any" can mean <u>one, some, or all</u>, the unit of
>          prosecution is ambiguous.

¶20.   Not only is this approach consistently applied by state and federal courts, it is fundamentally sound.  Thus, we apply it to our statute.

¶21.   Section 97-37-5(1) provides:

9

*It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm . . . .*[3]

Miss. Code Ann. § 97-37-5(1) (emphasis added). While this statutory crime[4] is often referred to as "felon in possession of a firearm,"[5] the phrase "a firearm" is not found anywhere in Mississippi's statute. Instead, the Legislature chose the term "any firearm." And after review, we find the use of the phrase "any firearm" just as ambiguous to the allowable unit of prosecution as other courts have.

¶22. When a word or phrase is susceptible to two reasonable interpretations, it is ambiguous. ***Dalton v. Cellular S., Inc.***, 20 So. 3d 1227, 1232 (Miss. 2009) ("An ambiguity is defined as a susceptibility to two reasonable interpretations." (quoting ***Amer. Guarantee & Liab. Ins. Co. v. 1906 Co.***, 129 F.3d 802, 811-812 (5th Cir. 1997))). And it is beyond

---

[3] Section 97-37-5(1) does not apply if a convicted felon has "received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to [Section 97-37-5(3)]." Miss. Code Ann. § 97-37-5(1).

[4] Section 97-37-5(1) is a status offense—one must be a convicted felon to fall within its ambit. "Possession of a firearm by a prior convicted felon has as its core possession of a firearm which is not a criminal act in and of itself." ***Evans v. State***, 802 So. 2d 137, 140 (Miss. Ct. App. 2001). So the statute does not criminalize the possession of firearms per se but instead specifically "limit[s] the possession of firearms by those persons who have been shown to present a threat to public safety, peace and order"—i.e., convicted felons. ***James v. State***, 731 So. 2d 1135, 1137 (Miss. 1999). Thus, it is the possessor's *status* as a convicted felon that criminalizes firearm possession. And "[i]f the possession of a firearm by a felon is, of itself, the dangerous act, the number of weapons with which a felon is armed becomes irrelevant." ***Acey***, 511 S.E.2d at 434. "Whether the felon bears one or one hundred firearms, the felon is 'dangerously armed.'" ***Id.***

[5] *E.g.,* ***Green***, 183 So. 3d at 29; ***Knight***, 192 So. 3d at 362.

10

dispute that the word "any" can reasonably mean one *or* more than one. Even the dissent agrees with this. Diss. Op. ¶ 36.

¶23. In *Webster's Dictionary*, "any" has been defined variously as "one or some indiscriminately of whatever kind," "one or another taken at random," "one, some, or all indiscriminately of whatever quantity," "one or more—used to indicate an undetermined number or amount," "a or some without reference to quantity or extent," and "unmeasured or unlimited in amount, number, or extent." *Any*, Webster's Ninth New Collegiate Dictionary (9th ed. 1983). "Any" may also be used as a synonym for every and all. *Id.* So the unit of prosecution in Mississippi's felon-in-possession statute is certainly ambiguous.

### IV. Rule of Lenity

¶24. If this ambiguity had arisen in the civil context, our task would be to apply the canons of statutory construction to determine Legislative intent. *See Bancorp S. Bank v. Duckett (In re Guardianship of Duckett)*, 991 So. 2d 1165, 1181-82 (Miss. 2008). But the ambiguity here concerns a criminal statute. So the longstanding rule of lenity applies.

¶25. Under the rule of lenity, "[w]here a [criminal] statute is patently ambiguous, it *must* be interpreted in favor of the accused." *McLamb v. State*, 456 So. 2d 743, 745 (Miss. 1984) (emphasis added) (citing *State v. Russell*, 358 So. 2d 409 (Miss. 1978); *Carter v. State*, 334 So. 2d 376 (Miss. 1976); *Walton v. State*, 219 Miss. 72, 68 So. 2d 87 (1953); *Terry v. State*, 172 Miss. 303, 160 So. 574 (1935)). This "is bedrock law in Mississippi . . . ." *Coleman v. State*, 947 So. 2d 878, 881 (Miss. 2006) (citing *McLamb*, 456 So. 2d at 745). And for more than a century, we have held that "[p]enal statutes must be strictly construed" against the

11

State and in favor of the accused.  *Stewart v. State*, 95 Miss. 627, 634, 49 So. 615, 616 (1909).  So we have no choice but to apply the interpretation that favors McGlasten.

¶26.     In dissent, Justice Coleman has pioneered his own interpretation of "any firearm." He suggests it can mean different things, including *each* (individual) *and* *every* (collective) firearm possessed.  Yet while he admits the phrase can mean *both* one *or* more than one firearm, he does not find it ambiguous as to the unit of prosecution.  This novel interpretation is notably contrary to how other state and federal courts handle this issue.  But more important, his unique view violates the rule of lenity by wrongly construing the statute against the accused.  Recently, the Supreme Court of Nevada faced a similar assertion and pointed out that to credit such an argument "would turn the venerable 'rule of lenity upside down.'"  *Fouth Jud. Dist. Ct.*, 481 P.3d at 852 (quoting *United States v. Santos*, 553 U.S. 507, 519, 128 S. Ct. 2020, 2028, 170 L. Ed. 2d 912 (2008)).  We agree.  We do not join in Justice Coleman's handling of this certain ambiguity, nor can we agree with his insistence that Section 97-37-5(1) permits the State, at its option, to either charge the simultaneous possession of multiple firearms as one offense, or—if the State so chooses—stretch the simultaneous possession of multiple guns into more than one offense.  Such a view that the statute criminalizes and punishes simultaneous possession of multiple firearms as the State sees fit, would expose—at the State's election—some felons caught with four guns to just one ten-year sentence, while others like McGlasten could face four times the punishment. Diss. Op. ¶ 36.  This approach not only misses the obvious ambiguity in play, but it also raises double jeopardy concerns.  Furthermore, it wrongly construes the statute against the

12

accused, clearly violating "bedrock law in Mississippi"—our rule of lenity. *Coleman*, 947 So. 2d at 881. For these reasons, this Court has no rational choice but to reject it, just as other courts have routinely done.

¶27. Consequently, we construe the "any firearm" language of Section 97-37-5(1) in the same exact way the federal courts and other state courts have when applying the mandatory rule of lenity to this ambiguous phrase. Thus, we hold that "[t]he 'simultaneous possession' of multiple firearms generally 'constitutes only . . . one offense'" under Section 97-37-5(1) "unless there is evidence that the weapons were stored in different places or acquired at different times." *Hutching*, 75 F.3d at 1460 (quoting *United States v. Jones*, 841 F.2d 1022, 1023 (10th Cir. 1988)).[6]

---

[6] While we do not assert a bright-line rule for what constitutes simultaneous possession of separately stored guns, the following cases are examples in which simultaneous possession of firearms in different locations justified multiple charges: *United States v. Kennedy*, 682 F.3d 244, 256 (3d Cir. 2012) (holding that separate felon-in-possession charges were proper when two weapons were kept in separate vehicles at same address); *United States v. Verrecchia*, 196 F.3d 294, 298 (1st Cir. 1999) (holding that it was appropriate to bring two felon-in-possession-of-a-firearm charges—one for guns seized from defendant's barn and a second for guns seized from defendant's truck); *United States v. Gann*, 732 F.2d 714, 721 (9th Cir. 1984) (holding that multiple felon-in-possession charges were permissible when firearms were found in defendant's bedroom closet and car because they were "stored separately"); *but see Dunford*, 148 F.3d at 390 (construing a statute prohibiting the possession of "any firearm" by a felon to mean that the defendant's "possession of . . . six firearms and ammunition, seized at the same time from his house, supports only one conviction"); *State v. Watts*, 462 So. 2d 813, 813-14 (Fla. 1985) (holding that Florida's statute prohibiting inmates from possessing "[a]ny firearm or weapon" on prison grounds permitted a defendant who possessed two knives to be convicted of only one count of the offense).

## V.     Merger

¶28.    Turning to the proper disposition, we find that merger applies.  Without question, the State proved beyond a reasonable doubt that McGlasten was a felon when he possessed the four guns.  But the State neither charged nor attempted to prove that all or some of the four weapons McGlasten simultaneously possessed were stored in different places or acquired at different times.  *See Fourth Jud. Dist. Ct.*, 481 P.3d at 852 (leaving "for another day" the issue of whether multiple violations can be charged when "the defendant acquires or stores multiple firearms at different times and places" because the State did not allege or argue that the defendant "did not possess the weapons at one time and place").  So while we are faced with evidence that supports only one violation of Section 97-37-5(1), after trial McGlasten was sentenced to four separate ten-year terms.  *See United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) ("The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense[.]" (citing Charles A. Wright, *Federal Practice and Procedure* § 145, at 524-26 (2d ed. 1982))).

¶29.    To avoid unlawfully punishing McGlasten fourfold for just one proven offense, we apply the remedy other courts routinely use in this scenario.  The correct and widely followed approach to dealing with multiplicitous counts is to merge the wrongly charged multiplicitous counts into one single count of conviction.  This entails vacating all but one of McGlasten's four convictions and resentencing him on the remaining count of conviction.  *United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) ("Where multiplicitous convictions are found, '*the only remedy* . . . is . . . to vacate one of the underlying convictions as well as the

14

. . . sentence based upon it.'" (alterations in original) (emphasis added) (quoting *Rutledge v. United States*, 517 U.S. 292, 301-02, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996))); *Burns*, 990 F.2d at 1438 ("[W]here the defendant has suffered multiple convictions and faces multiple sentences, *the appropriate remedy* is to vacate all of them but one." (emphasis added) (citing *Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 1673-74, 84 L. Ed. 2d 740 (1985))). This is what the Supreme Court did in *Ball*, 470 U.S. at 865. And this is the course other circuits routinely follow. *See, e.g.*, *United States v. Benoit*, 713 F.3d 1, 18 (10th Cir. 2013); *United States v. Robertson*, 606 F.3d 943, 953 (8th Cir. 2010), *superseded on other grounds by rule as stated in United States v. Anderson*, 783 F.3d 727, 740-41 (8th Cir. 2015); *United States v. Tann*, 577 F.3d 533, 543 (3d Cir. 2009); *United States v. Zalapa,* 509 F.3d 1060, 1065 (9th Cir. 2007); *United States v. Parker*, 508 F.3d 434, 441-42 (7th Cir. 2007); *United States v. Bonavia*, 927 F.2d 565, 571 (11th Cir. 1991); *United States v. Bradsby*, 628 F.2d 901, 906 (5th Cir. Unit A 1980). This is also the approach taken by other state courts faced with multiplicitous felon-in-possession convictions. *E.g.*, *Coates*, 818 S.E.2d at 625 ("vacat[ing] Coates' convictions and sentences for the four counts of possession of a firearm by a convicted felon, and remand[ing] this case for the trial court to convict and resentence Coates on only one of those counts"); *Bell*, 122 So. 3d at 961 ("revers[ing] Bell's dual convictions and remand[ing] to the trial court for it to vacate one of the convictions and resentence Bell accordingly"); *Garris*, 663 S.E.2d at 348 (upholding one of two multiplicitous convictions of felon-in-possession, vacating the other,

and remanding for resentencing). We see no reason not to employ this widely used approach here.

¶30. For this reason, we hold that one of McGlasten's convictions is proper and should be upheld. Thus, we remand the case to the circuit court to vacate McGlasten's sentences and merge the four counts of conviction into one count. The trial court shall then sentence McGlasten on one felon-in-possession count, at the State's election.

¶31. **AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**KITCHENS AND KING, P.JJ., BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J., AND GRIFFIS, J.**

**COLEMAN, JUSTICE, DISSENTING:**

¶32. Stanley McGlasten, a "person convicted of a felony" under Mississippi law, possessed four firearms when the Jasper County Sheriff executed a search warrant at his residence. Miss. Code Ann. § 97-37-5 (Rev. 2020). The pertinent statute criminalizes the possession of "any firearm . . . ." *Id.* Because the plain language of the statute criminalizes the possession of any firearm, and possession of a single firearm is unambigously the possession of any firearm, the State properly tried and convicted McGlasten of four separate counts regardless of where McGlasten kept them. Accordingly, I dissent.

¶33. "Where a statute is unambiguous, the Court must apply the statute according to its plain meaning, refraining from principles of statutory construction." *OXY USA, Inc. v. Miss. State Tax Comm'n*, 757 So. 2d 271, 274 (¶ 12) (Miss. 2000) (citing *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992)). A single occurrence of a thing suffices to

16

satisfy the meaning of the word "any." *See Any*, Random House Webster's Unabridged Dictionary (2nd Ed. 2001) (defining *any* as "one, a, an, or some"). After criminalizing the possession of "any firearm" by a felon, the statute goes on to list exemplar prohibited weapons, all of which are listed as singular rather than plural nouns. Neither the plural "firearms" nor the plural of the various examples appear in the statute.

¶34.    Although I agree with the majority that the question has never before been squarely presented to the Court, it is worth noting that several cases in which defendants have been convicted of multiple counts of being a felon in possession of a firearm have been considered here and in the Court of Appeals. *See Conners v. State*, 92 So. 3d 676, 682 (¶ 12) (Miss. 2012) ("The jury found Conners guilty of two counts of felon-in-possession-of-a-firearm, based on his possession of the shotgun and the 9-mm handgun."); *Hawthorne v. State*, 174 So. 3d 306, 307 (¶ 2) (Miss. Ct. App. 2015) ("In April 2011, a Harrison County Circuit Court issued a four-count indictment against Hawthorne for possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and two counts of a felon in possession of a firearm[.]"); *Gunn v. State*, 174 So. 3d 848, 856 (¶ 16) (Miss. Ct. App. 2014) ("He was tried jointly, with no objection, for capital murder, two counts of felon in possession of a firearm, two counts of armed robbery, and two counts of aggravated assault. He was found guilty of all counts."); *Massey v. State*, 144 So. 3d 204, 205 (¶ 4) (Miss. Ct. App. 2014) ("On December 6, 2010, he pled guilty to three offenses—two counts of possession of a weapon by a convicted felon and one count of aggravated assault."); *Knight v. State*, 983 So. 2d 348, 352 (¶ 15) (Miss. Ct. App. 2008) ("Knight was also charged with

17

two counts of felon in possession of a firearm in violation of Mississippi Code Annotated section 97-37-5(1)."); *Gavin v. State*, 785 So. 2d 1088, 1090 (¶ 1) (Miss. Ct. App. 2001) ("Charlie Gavin was convicted after a jury trial on three counts of being a felon in possession of firearms and a fourth of possessing a dangerous weapon."). In the cited cases, all the defendants were charged with more than one count of being a felon in possession of a firearm, yet neither the defendants nor either appellate court ever raised or discussed a multiplicitous indictment question.

¶35. "[T]he power to create and define criminal offenses rests exclusively within the authority of the Legislature." *Wilcher v. State*, 227 So. 3d 890, 895 (¶ 28) (Miss. 2017) (citing *State v. Russell*, 358 So. 2d 409, 411 (Miss. 1978)).

> The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching upon the power of the Legislature. Neither have the courts authority to write into the statute something which the Legislature did not itself write therein, nor can they ingraft upon it any exception not done by the lawmaking department of the government.

*Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1208 (¶ 17) (Miss. 2002) (quoting *Hamner v. Yazoo Delta Lumber Co.*, 100 Miss. 349, 56 So. 466, 490 (1911)). With respect and as discussed below, the majority risks requiring the State, when charging a felon with being in possession of a firearm, to prove additional facts regarding location, use, or acquiring the firearm that the Legislature does not require of the State in the text of the statute.

¶36. Section 97-37-5(1) contains no ambiguity that would trigger the rule of lenity. A statute may be considered ambiguous when susceptible to two or more reasonable interpretations. *Tellus Operating Grp., LLC v. Maxwell Energy, Inc.*, 156 So. 3d 255, 261

(¶ 16) (Miss. 2015) (citing *Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid*, 21 So. 3d 600, 607 (Miss. 2009), *abrogated on other grounds by **King v. Miss. Mil. Dep't***, 245 So. 3d 404 (Miss. 2018)). It is true that the word *any* has more than one meaning. It can mean one, or it can mean more than one. However, there is no reasonable alternative interpretation pursuant to which *one* falls outside of the definition or, put differently, fails to meet it. Accordingly, the statute unambiguously criminalizes the possession of a single firearm by a convicted felon. I discern no reason why a district attorney drafting an indictment could not set out separate counts in an indictment for each firearm that include each element required by the statute and then prove each element for multiple counts to a jury. By the same token, the wording of the statute allows a district attorney, should he or she so choose, to charge one count for the possession of multiple firearms.

¶37. I am unconvinced by the characterization of the crime of being a felon in possession of a prohibited weapon as a status crime. All agree that, status crime or not, in the right circumstances, the State can charge multiple counts. The majority draws the line between counts based on temporal and spacial proximity, holding that multiple counts are possible if the prohibited weapons are possessed far enough apart in time or space. As discussed above, the majority's approach adds elements of proof to the statute that exceed those chosen by the Legislature, and that we may not do. The approach urged here, drawing the line between separate possession at each firearm, adds nothing to the statute and avoids potential ambiguity and uncertainty. For example, how much distance in time or space between

19

weapons is needed for possessions to be separate? Again, it is for the Legislature, not the Courts, to define elements of a crime.

¶38. Finally, I am fully aware of the weight of authority from other jurisdictions so ably addressed by the majority, yet I remain unpersuaded by it. The unanimity among federal courts neither surprises nor persuades as the United States Supreme Court spoke to the interpretation of the word *any* as used in the Mann Act in ***Bell v. United States***, 349 U.S. 81 (1955). A significant number of the state court cases listed by the majority are streams flowing from the same source. *See,* e.g*., **State v. Fourth Jud. Dist. Ct.***, 481 P. 3d 848 (Nev. 2021). However, we are not bound by federal court interpretations of federal statutes. ***Corban v. United Servs. Auto. Ass'n***, 20 So. 3d 601, 611 (¶ 25) n.15 (Miss. 2009) (citing ***Bullard v. Guardian Life Ins. Co.***, 941 So. 2d 812, 819 n.1 (Miss. 2006) (Easley, J., dissenting)); *see also **Wilson Banking Co. Liquidating Corp. v. Colvard***, 172 Miss. 804, 161 So. 123, 127 (1935). I disagree with the ***Bell*** holding and, in any event, see no reason to apply it to the unambiguous text of the Mississippi statute. As Justice Minton wrote in dissent in ***Bell*** regarding the application of the Mann Act, "[T]he statute means that to transport one or more women or girls in commerce constitutes a separate offense as to each one." ***Bell***, 349 U.S. at 84 (Minton, J., dissenting).

¶39. I would hold that Section 97-37-5 operates so that each firearm in the possession of a felon can give rise to a separate count regardless of where the firearm is located or the other extra-statutory factual considerations discussed by the majority.

**RANDOLPH, C.J., AND GRIFFIS, J., JOIN THIS OPINION.**